IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1847, IN THE THIRTY-
SECOND YEAR OF THE STATE.

---

### GREENMAN and Others *v.* PATTISON.

The act of 1843 concerning mortgages does not contemplate a sale of the whole
of the mortgaged premises where only a part of the debt is due, unless it
appear that such sale would be "most beneficial" to both parties.

Decree of foreclosure and for a sale of the whole of the mortgaged premises, in
a case where only a part of the debt had become due. *Held,* that the record
should show that it had been proved, or at least that it had appeared to the
satisfaction of the Court, that such sale would benefit the mortgagor.

Interest should not be allowed in such case, on the part not due, beyond the
time when the proceeds of the sale become applicable to the payment of such
part.

ERROR to the *Lake* Circuit Court.

SMITH, J.—On the 3d of *June*, 1844, *Pattison* filed a bill
in chancery in the *Lake* Circuit Court, to foreclose a mort-
gage executed to secure the payment of three notes dated the
31st of *August*, 1841. One of the notes was for 100 dollars
to be paid in two years, a second for the same sum in three
years, and a third for 200 dollars in four years, after that
date.

At the *August* term of the Circuit Court, and on the 30th
of *August*, 1844, the defendants having made default, a de-

VOL. VIII.—59

*Monday,*
*November* 22.

cree was rendered *pro confesso*, foreclosing the equity of redemption of the mortgaged premises, and adjudging that the sum of 236 dollars was then due the complainant, and that the further sum of 248 dollars would become due on the 1st of *September*, 1845. The decree further requires the defendants to pay into Court, for the use of the complainant, the said sum of 236 dollars with interest and the costs of the suit within one hundred and fifty days; and in default of such payment that execution should issue to sell the whole of the mortgaged premises; and that on such sale, the sheriff should apply the proceeds thereof to the payment of the sum to become due on the 1st of *September*, 1845, as well as to the payment of the sum already due.

The decree appears to be based upon the report of a master in chancery, to whom the cause had been referred to compute the amount of the debt, and report the quantity of land necessary to be sold to pay the amount due and to become due. The master reported the sums as stated in the decree, and that in his opinion it would be necessary to sell the whole of the mortgaged land to pay the whole debt.

By the Revised Statutes of 1843, ch. 29, p. 461, it is provided, that when a bill shall be filed for the foreclosure of a mortgage upon which there shall be due any portion or instalment of the debt, and there shall be other portions or instalments to become due subsequently, and a decree shall pass for the complainant, the Court shall direct a reference to a master to ascertain and report the situation of the mortgaged premises; and if it shall appear that the same can be sold in parcels without injury to the interests of the parties, the decree shall direct so much of the said premises to be sold as will be sufficient to pay the amount then due on such mortgage with costs; and that such decree shall remain as security for any subsequent default. It is also provided in another section, p. 462, that if it shall appear to the Court that the mortgaged premises are so situated that the sale of the whole will be most beneficial to the parties, the decree shall, in the first instance, be entered for the sale of the whole premises.

In this case, the report of the master does not conform to the requirements of the statute. The principal object of the reference is to ascertain if the mortgaged premises can be

sold in parcels for the payment of instalments due at the time of foreclosure. The statute does not contemplate the sale of the whole premises in such cases for the payment of the whole mortgage-debt, unless it appears that such sale will be "most beneficial" to *both* parties. We are of opinion that such an order should not be made without proof that the mortgagor would be benefited by it; and it should appear affirmatively upon the record that such proof had been made, or at least that it had so appeared to the satisfaction of the Court rendering the decree. The Court should also, in such case, direct a deduction to be made for the interest which would otherwise accrue, beyond the time when the proceeds of such sale should become applicable to the payment of subsequent instalments not then due. This was not done in the present case. The decree requires a sale to be made for the payment of all the instalments, with interest up to the time when they respectively became due, though such sale was to be made upon default in the payment of the two first, several months before the last note was due. There was also an error in the computation of the sum adjudged to be due at the time the decree was rendered, as but one of the notes was in fact then due.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. W. Chapman*, for the plaintiffs.