THOMPSON and Another *v.* DAVIS.

PRACTICE.—On appeal from a judgment against husband and wife for the foreclosure of a mortgage, where only one of several notes secured by the mortgage was due, it was held, 1. That an objection that the judgment was for too much could not be noticed, because no motion was made below for a new trial. 2. That an objection that personal judgment was taken against the wife could not avail, because no exception was taken below to the form of the decree, nor any motion made to correct it. 3. That the failure of the court to make inquiry, after judgment, whether the land could be sold in parcels, could not reverse the judgment, where the defendants appeared and made no objection to the form of the decree.

APPEAL from the *Ripley* Common Pleas.

GREGORY, C. J.—*Davis* sued *Thompson* and wife to foreclose a mortgage given to secure four notes, dated the 18th of *April*, 1866; the first due *September* 1st, 1866, the other three, respectively, due the 1st of *June*, 1867, 1868, and 1869. Suit was commenced on the 29th of *October*, 1866, and the decree rendered on the 12th of *December* following. The defendants appeared, and the case was tried by the court without an answer. No objection was made to any part of the proceedings, nor was any exception taken. There was a finding by the court of the amount due, and to become due, on each note, and that the defendant executed the mortgage set out in the complaint. There was a decree for the whole amount against the defendants, a foreclosure of the equity of redemption, and that the lands be sold, as other lands are sold on execution, to satisfy the judgment, interest and costs; and in case the lands did not sell for a sufficient sum to satisfy the same, that the residue be made out of any other property of the defendant subject to execution. The court further ordered that if the defendants, or either of them, should pay into court the amount due on the first note, execution should be stayed until the second note became due, and that a like payment of the second and third notes, when due, should entitle the defendants to a stay of the execution until the last note matured. The decree is

for five hundred dollars more than the complaint shows was due at the time.

The first and fifth errors assigned are the rendering of judgment for more than was shown to be due. This error cannot avail the appellants in this court. A motion for a new trial for this cause ought to have been made in the court below. The party injured may, perhaps, still have a remedy by a proceeding to review the judgment.

The second error assigned is the rendering of a personal judgment against the defendant *Nancy A. Thompson.* The decree is a little obscure. There is a general decree against the defendants, but the order to make the money out of the property, other than the mortgage premises, is against the defendant. But this was a matter for the court below to correct, on motion. Before such an error can avail the party here, there must have been at least an exception taken to the decree.

The third and fourth errors assigned are that it does not appear of record that the lands could not be sold in parcels. The code provides that "in such cases, (where there are installments due, and some not due,) after final judgment, the court shall ascertain whether the property can be sold in parcels, and if it can be done without injury to the interest of the parties, the court shall direct so much only of the premises to be sold as will be sufficient to pay the amount then due on the mortgage, with costs; the judgment shall remain and be enforced upon any subsequent default, unless the amount due shall be paid before execution of the judgment is perfected." 2 G. & H., § 638, p. 296. The duty of the court below is well defined in the code, and settled in a number of cases in this court. But an omission to make the inquiry and order, in a case where the defendants appeared and made no motion nor took any exception to the form of the decree, we think is not such an error as will authorize a reversal. The code provides that "the Supreme Court may reverse or affirm the judgment below, in whole or in part, and remand the cause to the court below; but the

court shall not reverse the proceedings any further than to include the first error." 2 G. & H., § 569, p. 276. It was not the duty of the court below to make the inquiry until after final judgment. It is difficult to see how an error committed after final decree could have the effect of making that erroneous which was regular. If, in this case, the defendants had asked for such an inquiry and order, and it had been denied, the error would have been corrected by an order of this court, remanding the case, with directions to make the inquiry and order.

Our attention has been called to the cases of *Greenman* v. *Pattison*, 8 Blackf. 465; *Lacoss* v. *Keegan*, 2 Ind. 406; *Allen* v. *Parker*, 11 *id*. 504; *Cubberly et al.* v. *Wine*, 13 *id*. 353; *Dale et al.* v. *Bugh*, 16 *id*. 233. We think the ruling in the case at bar is in strict conformity with the provisions of the code, and so far as any of the cases cited are in conflict therewith, they are overruled.

The appeal is dismissed, with costs against the appellants.

*S. M. Jones, H. W. Harrington*, and *M. K. Rosebrough* for appellants.