Fisher *et al. v.* Freeman.

---

## FISHER ET AL. *v.* FREEMAN.

HEIRS.— *Action Against, on Judgment Against Ancestor.—Sheriff's Sale on Decree Against Decedent.—Purchase by Administrator Personally.—Surplus of Purchase-Money.—Judgment without Exception.— Limitations.— Lien.*—A judgment debtor having died intestate, leaving no property except a tract of real estate encumbered by a mortgage, and one of the heirs having been appointed administrator, the judgment creditor filed his judgment, which had been rendered more than ten years previous to the death of the debtor, against the estate, but the administrator neither allowed the claim nor took any steps to sell real estate to pay the same. The real estate having been sold and conveyed to the administrator personally, at a

Fisher *et al. v.* Freeman.

sheriff's sale on a decree foreclosing such mortgage, for a sum exceeding the amount necessary to satisfy such decree and costs, the judgment creditor brought an action, and recovered, for the amount of his judgment, against the heirs, who neither objected nor excepted to the form of the judgment.

*Held,* on motion for a new trial, that the surplus at such sheriff's sale belonged to the estate, and not to the heirs, and, the evidence supporting the finding, that the Supreme Court will not disturb the judgment.

*Held,* also, that, though such judgment had ceased to be a lien on the real estate, it might be a valid claim against the estate.

From the Lake Circuit Court.

*E. C. Field,* for appellants.

*M. Wood* and *T. J. Wood,* for appellee.

PERKINS, J.—John G. Fisher died on the 4th day of May, 1862, leaving no personal, but a piece of real, estate, which was incumbered by a mortgage. He left heirs and creditors.

On the 21st day of March, 1867, John Fisher, a son and one of the heirs of said John G. Fisher, deceased, was appointed, and duly qualified, as administrator upon the estate of said John G. Fisher, deceased. He made no application to sell said incumbered real estate to pay debts.

William Freeman was a judgment creditor of said John G. Fisher; and, on the 30th of April, 1867, filed his judgment as a claim against the estate of John G. Fisher. It was not allowed; no action touching the claim was had.

This was a little more than a month after John Fisher's appointment as administrator as aforesaid.

At the March term, 1867, of the Lake Circuit Court, said John Fisher, administrator and an heir as we have seen, with the other heirs of said John G. Fisher, brought suit to redeem the land above mentioned from the mortgage upon it. The mortgage lien amounted to four hundred and eighty-eight dollars and thirty-nine cents. The complaint in the suit to redeem averred that the land mortgaged was of the value of two thousand four hundred dollars.

On the 24th of October, 1868, said land was sold by the sheriff to satisfy the mortgage lien, and purchased by said John Fisher, administrator and heir as aforesaid, for the sum of eight hundred and fifteen dollars, and he received a deed from the sheriff to the land.

On the 16th of November, 1875, said Freeman commenced this suit, in the Lake Circuit Court, against said heirs, including said administrator, for the collection of his said judgment rendered on the 19th day of September, 1860, against John G. Fisher, then in life, and the ancestor of the heirs, appellants in this suit, and he recovered.

The assignment of errors is as follows :

" The court erred in overruling the demurrer to the second and third paragraphs of the complaint ; and,

" The court erred in overruling the motion for a new trial."

No objection to the form of the judgment or decree was made ; no motion to modify or change it was interposed. See *Thompson* v. *Davis*, 29 Ind. 264. No brief, except a short one on the application for a supersedeas, has been filed by the appellants, and it does not allude to the action of the court upon the demurrer. Hence the first assignment of error is waived.

The judgment sued on by Freeman, even though it had ceased to be a lien on the land, ten years having elapsed since its rendition, might still have been valid as a claim against the estate of John G. Fisher, deceased, the limitation on judgments being twenty years. The surplus on sale of the land to satisfy the mortgage lien belonged to that estate. How it could be appropriated to the payment of the judgment in question, is not a point presented for our decision.

The finding of the court was supported by the evidence, and no exception was taken to any ruling of the court occurring at the trial, or, as we have already said, to the rendition of the judgment as it was rendered.

See, as to the right of the administrator to purchase, *Martin* v. *Wyncoop*, 12 Ind. 266.

The judgment is affirmed, with costs.