BENTON MURPHIN *vs.* JOSIAH B. SCOVELL.

### July 17, 1889.

**Vendor and Purchaser—Title Purchaser may Require.**—Where one person contracts with another to sell and convey real estate by a warranty deed, the vendee is entitled to a clear title, free of defects and incumbrances.

**Same—Implied Agreement.**—In the case at bar the court erred in its charge, in excluding from the consideration of the jury the proposition that a promise by defendant to reimburse the plaintiff, should he repay another person who had previously held his contract for the sale and conveyance of the same lands, might be implied, although there was no express request to so repay.

Action in the district court for St. Louis county, to recover $3,500 alleged to have been paid on a contract of purchase of real estate, which the defendant (vendor) had failed to perform. At the trial, before *Stearns*, J., it appeared that prior to February 26, 1887, one Banning had negotiated a sale of the same real estate to one McNair, at the price of $20,000, under an agreement with defendant for a commission of $500. On February 26, 1887, a contract of sale was made between defendant and McNair, who paid $2,000 of the price, out of which Banning retained his commission, and paid the balance, $1,500, to defendant. By the terms of this contract McNair was to pay $4,666.66 on or before March 22d, and on such payment the defendant would execute and deliver to him or to such person as he should direct a warranty deed with full covenants. On or shortly after March 22, 1887, plaintiff paid to defendant $2,000, and a written contract was executed between them, bearing date on that day, whereby the defendant acknowledged the receipt from plaintiff of $4,000, as earnest-money on account of the purchase of the same land at the price of $20,000, on terms of payment of $2,666.67 on delivery of deed, and the balance at times specified. This contract provided for "the form of conveyance to be warranty deed delivered within seven months from date, upon receipt of cash payments," etc. Besides the $2,000 paid defendant, the plaintiff also paid $1,500 to McNair, both pay-

ments being made with moneys of Banning, for whom the plaintiff was acting throughout the transaction. At the trial, the plaintiff testified that the payment to McNair was made at defendant's request, by way of refunding to him the amount which defendant had received from him on his contract. On the other hand, the defendant testified that the transaction with plaintiff was a mere extension of the McNair contract; that the money paid him by plaintiff was paid on that contract; that he did not know that plaintiff's name was in the second contract; and that he never authorized any repayment to McNair. The instructions of the court and other matters of evidence are stated in the opinion. The defendant had a verdict, and plaintiff appeals from an order refusing a new trial.

*Wm. W. Billson* and *H. J. Horn,* for appellant.

*White, Shannon & Reynolds,* for respondent.

COLLINS, J. This is an action to recover back the sum of $3,500, said to have been paid by plaintiff upon a contract made with defendant for the sale and conveyance of real property. It is somewhat difficult to discover from the pleadings what issue of fact was presented, for it was admitted that defendant contracted to convey by warranty deed, and was unable to do so because of the existence of a mortgage upon the premises, which defendant had not paid, and by its terms could not pay and discharge. Upon the trial the defendant attempted no defence, suggested by his answer, and virtually conceded that plaintiff was entitled to recover whatever sum F. D. Banning—for whom plaintiff admits he was acting—had paid upon the contract.

It is manifest that plaintiff, upon the trial, based his right to recover $1,500 of the amount in controversy upon a claim that, when defendant acknowledged the receipt of $3,500 as part of the purchase price, when but $2,000 was in fact paid, he directed and requested plaintiff to return to McNair that amount of the sum which McNair had paid upon a contract for the same premises, which he had failed to complete. The court in its charge (manifestly by the consent of all parties) made this issue of fact the principal one to be determined by the jury, as to the sum of $1,500. It charged that this amount had been forfeited by McNair, and clearly belonged to the

defendant, unless he had by some subsequent promise agreed to pay it to the plaintiff. It expressly refused to charge, as requested by plaintiff, that if, when crediting and allowing to plaintiff on his contract of purchase the amount previously paid by McNair, the defendant understood and intended that plaintiff should reimburse McNair, and that plaintiff actually did so, (of which there was proof,) the plaintiff could recover the amount so paid. The tenor of other words used by the court in reference to the amount which the plaintiff claimed he had returned to McNair at defendant's request was to the effect that the former could not recover it unless the defendant had expressly and in words promised to pay it to plaintiff. We are of the opinion that this view was too narrow and restricted. The defendant had received of McNair the sum of $1,500, which the latter chose to forfeit. It was in the defendant's power to keep this money, and declare the trade at an end. But this he did not do. He did not retain the money then in his hands without condition, but allowed and credited it to his own agent or broker, (who had already made the sum of $500 in commissions for making a sale to McNair,) as part of the purchase price for the same premises, and upon another contract of sale. It might seem somewhat singular that the defendant should surrender and donate to his agent, the real plaintiff in this action, a sum of money which seems to have been his absolutely, unless there had been an understanding between the parties that plaintiff, for some reason, should repay and reimburse McNair. We think the jury should have been instructed that upon this feature of the case they might give weight to all of the facts and circumstances appearing in the testimony, and that plaintiff's right to recover did not depend upon defendant's unqualified promise to pay, nor upon a positive promise upon his part to refund, should the plaintiff return the sum of $1,500 to McNair.

In regard to plaintiff's right to recover the $2,000 paid to defendant on March 22d, and acknowledged in defendant's unilateral contract of that date, the court charged, in substance, that if the jury should find that it was actually paid in consideration of an extension of the McNair contract for 30 days, and that the receipt or contract was subsequently given without any consideration, "or that no money

passed at the time of the extension, and there was no consideration for the receipt, * * * the plaintiff cannot recover at all." The court failed to state under what circumstances the plaintiff could recover the $2,000. and expressly declined to charge whether or not the plaintiff was entitled under his contract to a title free and clear of the mortgage lien. There does not seem to have been any exception to this part of the charge as actually given, or to the failure of the court to charge upon matters which it seems to us were material and important. If there was no consideration for the execution and delivery of the contract of date March 22d, the plaintiff ought not to recover; but if, when it was executed and delivered, the defendant understood and expected the plaintiff to reimburse McNair, and the latter did so in pursuance of that understanding and expectation, he certainly would be entitled to recover the amount so paid at least. And if, on the day of the execution and delivery of defendant's contract, or upon a prior day, the plaintiff, in consideration of such execution and delivery, paid to defendant the sum of $2,000, he is certainly entitled to recover that amount, providing the defendant is unable to convey in accordance with his contract, by the terms of which he stipulated that the title to the premises should be good or susceptible of being made good, and, further, that he would convey by warranty deed. If land contracted to be conveyed turns out to be incumbered, the vendor cannot enforce the contract unless the charge be small and immaterial. *Guynet* v. *Mantel*, 4 Duer, 86; *Marsh* v. *Wyckoff*, 10 Bosw. 202; *Wallace* v. *McLaughlin*, 57 Ill. 53. And without these stipulations the plaintiff was entitled to a conveyance which would vest in him a good title, clear of all defects and incumbrances. *Drake* v. *Barton*, 18 Minn. 414, (462;) *Donlon* v. *Evans*, 40 Minn. 501, (42 N. W. Rep. 472.) The defendant could not with propriety have given a warranty deed with the usual covenants, and, in the absence of all claim that his contract so to do was fraudulently obtained, he must be held to its performance.

Order reversed.