[No. 6368. Decided October 27, 1906.]

## W. H. MILLER, *Respondent*, v. CALVIN PHILIPS & Co., *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACT TO CONVEY—BREACH—TITLE OF VENDOR. A contract to convey land providing that if the title is not good or cannot be made good in thirty days, is broken by the vendor by the institution and pendency of condemnation proceedings brought by a railroad company to appropriate a right of way across the land, and the breach entitles the vendee to a return of earnest money.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 8, 1906, upon overruling a demurrer to the complaint, in an action to recover earnest money on a contract to convey land. Affirmed.

*Fogg & Fogg*, for appellant, contended, among other things, that the alleged acts of the railroad company did not give it any interest in, or right to, appellant's property, and did not constitute any incumbrance thereon. *Kuhn v. Freeman*, 15 Kan. 423; *Stevenson v. Loehr*, 57 Ill. 509, [11 Am. Rep. 36; Brewester, Conveyancing, § 200; Pierce's Code, § 7088 (Bal. Code, § 4333); *Forster v. Scott*, 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543; *Shute v. Barnes*, 2 Allen 598; *Cemansky v. Fitch*, 121 Iowa 186, 96 N. W. 754; *Eaton v. Boston etc. R. Co.*, 51 N. H. 504, 12 Am. Rep. 147; *Port Angeles Pacific R. Co. v. Cooke*, 38 Wash. 184, 80 Pac. 305; *State ex rel. Trimble v. Superior Court*, 31 Wash. 445, 72 Pac. 89; 1 Pomeroy, Equity Jurisprudence (3d ed.), § 368.

*Shackleford & Hayden*, for respondent. The condemnation proceeding, with the *lis pendens* notice thereof, constituted an incumbrance upon the land, and created a defect in the title. *Cavenaugh v. McLaughlin*, 38 Minn. 83, 34 N. W. 576; *Johnston v. Callery*, 173 Pa. St. 129, 33 Atl. 1036; *Nicomen*

[1]Reported in 87 Pac. 264.

*Boom Co. v. North Shore Boom etc. Co.,* 40 Wash. 315, 82 Pac. 412; Lewis, Eminent Domain, p. 756, § 306; *Kares v. Covell,* 180 Mass. 206, 62 N. E. 244, 91 Am. St. 271. A title to be good must be free from litigation or probable litigation. *Swayne v. Lyon,* 67 Pa. St. 436; *Speakman v. Forepaugh,* 44 Pa. St. 363; *Stevenson v. Fox,* 57 N. Y. Supp. 1096; *Lyman v. Stroudbach,* 47 La. Ann. 71, 16 South. 662; *Whelan v. Rossiter,* 1 Cal. App. 701, 82 Pac. 1082; *Glassman v. Condon,* 27 Utah. 463, 76 Pac. 343; *Henderson v. Beatty,* 124 Iowa 163, 99 N. W. 716; *Turner v. McDonald,* 76 Cal. 177, 18 Pac. 262, 9 Am. St. 189; *Vought v. Williams,* 120 N. Y. 253, 24 N. E. 195, 17 Am. St. 634, 8 L. R. A. 591; *Appeal of Clouse,* 192 Pa. St. 108, 43 Atl. 413; *Herman v. Somers,* 158 Pa. St. 424, 27 Atl. 1050; *McPherson v. Schade,* 149 N. Y. 16, 43 N. E. 527.

DUNBAR, J.—Appeal from a judgment of the superior court of Pierce county, overruling defendant's demurrer to plaintiff's complaint. The action was by the vendee, Miller, on a contract for the sale of certain real estate, to recover back from the vendor, Calvin Philips & Co., the deposit of earnest money, amounting to $600, paid by him to bind the contract, on the ground that the vendor could not furnish a good title free from incumbrances. The complaint sets forth the contract and the receipt of the money, the latter part of which is as follows:

"I hereby agree to furnish abstract of title completed down to date and to convey the above described real estate, or cause the same to be conveyed by special warranty deed, free and clear of all incumbrances to the said W. H. Miller. . . . It is agreed that if the title to said premises is not good or cannot be made good within thirty days of the date of delivery of the abstract as herein mentioned, then it shall be optional with the purchaser whether the title pass subject to any defect that may be found or the earnest money shall be refunded. But if the title to said premises is good and the conditions of this agreement are not completed by the said

W. H. Miller the earnest money shall be forfeited to us as liquidated damages. (Signed) Calvin Philips & Co."

This instrument is dated March 9, 1906. It is alleged in the complaint that, after the abstract of title was furnished, it was discovered by the plaintiff, that the Chicago, Milwaukee & St. Paul Railway Company of Washington, a corporation organized and existing under the laws of the state of Washington, had established a line of railroad through, over and across the real estate above described; that the railroad corporation was organized to build, operate and maintain railroads as common carriers, etc., and was entitled to exercise the power of eminent domain; that it had begun proceedings in the superior court of the state of Washington for the appropriation and condemnation of the land for which the plaintiff had contracted; that upon discovering the fact of location and establishment of said line of railroad across said premises and the beginning of proceedings for condemnation and the filing of *lis pendens*, the plaintiff requested defendant to make good the title within the time of thirty days as provided in the agreement of March 9, 1906; that the defendant refused to take any steps to that end, and thereupon notified plaintiff that, unless plaintiff would take said property subject to said lien and charge, and in the defective condition of its title, plaintiff would forfeit his earnest money; and thereafter the said defendant sold to other parties the said real estate, and notified plaintiff that defendant had forfeited plaintiff's earnest money. Plaintiff demanded judgment for $600 and for costs and disbursements. The defendant moved to strike from the complaint that portion in relation to the sale to other parties of said real estate, which motion was denied, and the action of the court in that respect is alleged as error here. With the view we take of the other allegations of the complaint, however, this becomes immaterial, and its insertion in the complaint could in no way prejudice the appellant. The main contention is that

the court erred in overruling the demurrer to the complaint, for the reason that, as is urged by the appellant, the act of the railroad company did not constitute an incumbrance. It is conceded that, if such act did constitute an incumbrance upon appellant's land, respondent was entitled to a return of his deposit, and the judgment should be affirmed.

It seems to us too plain for extended discussion that, under the allegations of the complaint, the respondent was unable to obtain that for which he contracted, and that it would be inequitable to compel him to pay for anything less. No matter what the technical definition of "incumbrance" may be, the language of the contract is plain and specific.

"It is agreed that if the title to said premises is not good or cannot be made good within thirty days of the date of delivery of the abstract . . . it shall be optional with the purchaser whether the title pass subject to any defect that may be found or the earnest money shall be refunded."

Can it be said with any degree of reason that, after the commencement of the condemnation proceedings and the filing of the *lis pendens* by the railroad company, a good title without defect could have been given by the appellant? It may be that a conveyance, any time before the condemnation proceedings culminated in vesting the title in the railroad company, would convey to the grantee the right to receive the damages allowed for the taking; but the value of the damages for the taking was not the subject of the contract; was not what the respondent expected to buy or the appellant intended to sell. Under such contract it has been universally decided that the grantee is entitled to a marketable title, to an indubitable title, and that he cannot be compelled to buy a lawsuit or a title that will involve him in litigation; but that he has a right to a title which will enable him to hold possession of his land in peace and security.

The judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, and RUDKIN, JJ., concur.