## DYE *v.* SCHICK ET AL.

[No. 10,712.   Filed December 17, 1920.]

1. EMINENT DOMAIN.—*Damages Deposited in Court.—Possession Taken.—Exceptions to Award Pending.—Right of Landowner to Money.—Railroads.*—Where a railroad company, in condemnation proceedings, has paid the award into court and taken possession of the tract condemned, a petition by one having an interest in the land, praying payment to him of all or part of the money, is not premature, though exceptions to the award are pending undetermined.   p. 461.

2. EMINENT DOMAIN.—*Compensation.—Contract Lien Attached to Fund.—Present Value Measure of Right Where Payments Not Due.—"Present Value."—Equity.*—While, in equity, the holder of a contract lien on real estate may have his lien attach to the fund arising from condemnation proceedings, yet he must, if invoking equity, render equity, and this would require that as to all payments owing but not due, he accept the present value, in such sum as at the statutory rate of interest would amount to such payments at their maturity. p. 461.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Condemnation proceedings by a railroad company and payment of award into court.   Adverse petitions by William F. Schick and Malora Dye as to distribution of the award.   From the judgment rendered, the latter appeals.   *Affirmed.*

*Ira M. Sharp* and *Roscoe Hollingsworth,* for appellant.

*Frank S. Roby,* for appellees.

NICHOLS, J.—Appellee Schick, on July 15, 1916, purchased a tract of land from appellant, and a written contract was entered into, acknowledged and recorded, by the terms of which said appellee became the owner of the land, appellant holding the legal title as security for the payment of the purchase money.   Appellee paid $300 cash, and agreed to pay $25 per month with interest after maturity, until the full purchase price of $4,200

was paid, with privilege of paying more than $25 per month and to pay the full amount at any time. Appellee took possession of the land, and in all respects performed the contract. Appellee railroad company filed its complaint in the Boone Circuit Court, September 20, 1916, to condemn a strip of said tract 200 feet wide diagonally across said land. To this complaint appellant and appellee answered, appellant praying in her answer that she be adjudged the owner of all damages assessed in this proceeding in a sum up to the amount due her from appellee Schick, under her contract of sale. There was judgment condemning said tract, with an award of damages in the sum of $2,650 which sum was paid to the clerk of the court. All parties excepted and such exceptions are yet pending. The railroad company entered into the possession of said tract so condemned. The controversy in this proceeding is wholly between appellant and appellee Schick, hereinafter mentioned as appellee, and has to do only with the disposition of the award.

On April 30, 1919, appellee filed his verified petition asking the court to apportion said award of $2,650, praying that the amounts due without interest on the contract of sale be discounted for such time as the same has to run at the rate contemplated by the contract and fixed by law, to wit, six per cent., or in default of discount that the whole sum be paid to appellee. On May 3, 1919, appellant filed her petition asking the court to hold said sum so awarded in trust, and not to pay the same or any part thereof to appellee. The court sustained appellee's petition and denied appellant's, and awarded all of said sum of $2,650 to appellee, but determined the cash value of appellant's contract to be $2,118, and directed that said amount be paid to appellant in full discharge of said contract, and in full payment of the purchase money for said real estate. This decision

is challenged by appellant's motion for a new trial for the reason that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law. The motion was overruled, and the court's action in overruling the motion is the only error assigned that we need to consider. The only evidence consisted of the respective petitions of appellant and appellee.

Appellant contends that, as none of the exceptions to the award have been tried and determined, appellee's petition asking that all or any part of the money

1. in the clerk's hands be paid to him is premature. The railroad company having taken possession of the tract condemned, this point has been decided against appellant's contention. *Meyer* v. *State, ex rel.* (1890), 125 Ind. 335, 25 N. E. 351; *Consumers' Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 453, 29 N. E. 1062, 15 L. R. A. 505.

By the condemnation proceeding, appellant is precluded from making to appellee title to the tract condemned, as provided in her contract, and appellee

2. is not only deprived of the title thereto, but of the further use thereof. It would be wholly inequitable to hold that he must also be deprived of the use of the proceeds of the sale. But this must be the effect if appellee is required to pay at once the full purchase price without discount, or if the fund must be held in trust to be applied upon the notes as they mature. It is a well-established principle of equity that where land upon which there is a contract lien, as in this case, is turned into money by condemnation proceedings, the lienholder may have his lien attach to the fund arising therefrom. *Gimbel* v. *Stolte* (1877), 59 Ind. 446; *Sherwood* v. *City of Lafayette* (1887), 109 Ind. 411, 10 N. E. 89, 58 Am. Rep. 414. This is the equitable relief that appellant seeks in her answer in the condemnation proceedings, when she asks that she be decreed the

462    APPELLATE COURT OF INDIANA,

owner of the damages assessed up to the amount due her from appellee. But invoking equity, she must render equity, and this she does not do, if she receives without discount the full purchase price at once. She would have the use of the money for the period of time before maturity during which time she is not entitled to it, and appellee would be deprived of it during that time, as well as of the use of the real estate. The present value, $2,118, at interest at the statutory rate equals the amount due her at maturity. This is all she should ask. The equitable principle was recognized in mortgage foreclosures before there was a statute, *Greenman* v. *Pattison* (1847), 8 Blackf. 465, and later by statute, §1161 Burns 1914, §1104 R. S. 1881.

Judgment affirmed.