## GEORGE SUMMERS v. MIDLAND COMPANY.[1]

June 4, 1926.

No. 25,399.

**When impossibility of performance is no defense to contract.**

1. Impossibility of performance of a contract is not a defense where the impossibility arises after the contract is made.

**Covenant against act of sovereignty.**

2. No person is presumed to covenant against the act of sovereignty.

**Rescission of contract for deed because of subsequent condemnation of easement.**

3. A vendee in possession under a contract for deed cannot rescind and recover what he has paid thereon because of the existence of an easement, which restricts the use of the property involved, acquired by condemnation proceedings subsequent to the making of the contract.

Contracts, 13 C. J. p. 560 n. 37; p. 639 n. 67.

Vendor and Purchaser, 39 Cyc. p. 1302 n. 17; p. 1303 n. 20, 21, 22, 23; p. 1304 n. 25, 26; p. 1410 n. 32, 33; p. 1422 n. 28 New; p. 1442 n. 82; p. 1529 n. 23, 24; p. 1531 n. 28; p. 1612 n. 97, 98, 99, 1; p. 1613 n. 2; p. 1641 n. 12, 14.

[1]Reported in 209 N. W. 323.

See note in L. R. A. 1916F, 10; 6 R. C. L. p. 999; 2 R. C. L. Supp. p. 261.

See note in 36 L. R. A. (N. S.) 1067; 27 R. C. L. p. 500; 5 R. C. L. Supp. p. 1474.

Plaintiff appealed from an order, Grannis, J., denying his motion for a new trial in an action in the district court for St. Louis county to rescind a contract for the sale of land and recover amount paid thereon. Affirmed.

*Washburn, Bailey & Mitchell*, for appellant.

*O. S. Andresen*, for respondent.

WILSON, C. J.

Appeal from an order denying a motion for a new trial.

The record presents the inquiry:

"Is an easement, which restricts the use of the property involved, acquired by condemnation proceedings subsequent to a contract for a deed, wherein the purchaser is given possession of the property, such an incumbrance as to entitle the purchaser to rescind and recover what he has paid under the contract upon the ground of a breach of the covenant as to incumbrances?"

The contract for deed was in the ordinary form. It called for instalment payments. After its execution the city of Duluth condemned the property for a restricted residence district pursuant to G. S. 1923, §§ 1618-1621. Plaintiff purchased the lot involved for the purpose of erecting and operating an automobile filling station thereon. This was prevented by the restriction. He then tendered full payment and demanded a deed conveying good title free from all encumbrances except those expressly excepted in the contract. This defendant could not do. Treating such failure as a refusal plaintiff attempted to rescind the contract and demanded the return of the amount paid with interest which this action is brought to recover.

Such contract calls for a conveyance of a good marketable title free from all defects or encumbrances not specifically excepted. Murphin v. Scovell, 41 Minn. 262, 43 N. W. 1; Geray v. Mahnomen

Land Co. 143 Minn. 383, 173 N. W. 871. In the ordinary transaction between vendor and vendee it is not necessary for the title to be free from encumbrances on the day of making the contract but must be at the time of performance. True v. N. P. Ry. Co. 126 Minn. 72, 147 N. W. 948; Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481; Trainer v. Lammers, 161 Minn. 336, 201 N. W. 540. The vendor must remove existing encumbrances on or prior to the day for conveyance. It is also the general rule that impossibility of performance of a contract is not a defense where the impossibility arises after the contract is made. Berg v. Erickson, 148 C. C. A. 415, 234 F. 817, L. R. A. 1917A, 648, (8th C. C. A.); Jacksonville, M. P. Ry. & N. Co. v. Hooper, 160 U. S. 514, 16 Sup. Ct. 379, 40 L. ed. 515; C. M. & St. P. Ry. Co. v. Hoyt, 149 U. S. 1, 13 Sup. Ct. 779, 37 L. ed. 625; Day v. U. S. 245 U. S. 159, 38 Sup. Ct. 57, 62 L. ed. 219; Brevard-Tannin Co. v. J. F. Mosser Co. (C. C. A.) 288 F. 725; Mascall v. Reitmeier, 145 Minn. 214, 176 N. W. 486.

Respondent contends that there is an exception to the general rule above stated in that no person is presumed to covenant against the acts of sovereignty.

What is the status of the parties to such contract for deed? The vendor holds the legal title merely as security for the payment of the purchase price. He has a lien thereon for his claim. In legal form he has agreed to convey a good title at a future time. But we must look to the substance of the transaction more than to the form. The vendee is the equitable and substantial owner subject only to the payment of the balance of the purchase price. Possession is important. He cannot be ousted by the vendor in the absence of default. He pays the taxes. The relation is substantially that of mortgagor and mortgagee. Keith v. Albrecht, 89 Minn. 247, 94 N. W. 677, 99 Am. St. 566. The only difference is a more efficient remedy in case of default. The vendor holds the title in trust for the vendee. Sons of Temperance v. Brown, 9 Minn. 144 (157); Wilder v. Haughey, 21 Minn. 101; Woodward v. McCollum, infra. The vendee's interest in the land may be sold on execution. Atwater v. Manchester Sav. Bank, 45 Minn. 341, 48 N. W. 187, 12

L. R. A. 741; Hook v. N. W. Thresher Co. 91 Minn. 482, 98 N. W. 463. It may become the subject of a trust or power in trust and it may be mortgaged. Randall v. Constans, 33 Minn. 329, 23 N. W. 530. It may be a homestead. Hook v. N. W. Thresher Co. supra; Keith v. Albrecht, supra. The vendee may recover damages resulting from trespass. Hueston v. M. & R. R. Boom Co. 76 Minn. 251, 79 N. W. 92. In the last cited case Mr. Justice Mitchell said: "We fail to see how the vendor could * * * maintain any action at all for damages." Indeed the vendee must bear the losses due to fires or the elements. Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623. He must bear the deterioration. He has an insurable interest. He is entitled to benefits that may accrue. His interest is an estate of inheritance. He is clothed with the indicia of ownership to the same extent as if he had taken a deed and given a purchase-money mortgage. The balance of the purchase money is treated as a part of the personal estate of the vendor and goes to his personal representative, but the interest of the vendee is regarded as real estate passing to his heirs and not to his personal representative.

We must assume that the parties make such contract in contemplation that the sovereign power of the state may intervene and substitute value for a part of the land. No person is presumed to covenant against the acts of sovereignty. The vendee takes the equitable title, subject to the exercise of the right of eminent domain, just as though the title has been conveyed to him. The taking of land in condemnation proceedings is in a legal sense a purchase and sale and the vendee in the contract, being the equitable owner, must be considered as the vendor in such forced sale. In theory at least such forced sale provides full compensation. He then should receive the award. The vendee being the equitable owner, what the sovereign takes under the power of eminent domain belongs to the vendee and not to the vendor. If the security of the vendor is impaired by reason thereof his rights must be protected and if the vendor should receive the award he must hold it as trustee for the vendee. On principle the vendee does not suffer any loss upon our

theory of the law, because in condemnation any damage is fully compensated. If the vendor's security is not impaired he is not interested at all in the sovereign act—that is something that concerns the vendee who is for all practical purposes the owner. So considered the matter is simple.

The contrary view is that the fact that the vendee is the equitable owner and entitled to any award for its condemnation does not deprive him of the vendor's agreement to convey the legal title to him on the date fixed in the contract clear of all encumbrances. This doctrine does not recognize any exception as to acts of sovereignty.

Because of the general use of contracts for deeds in the sale of real estate often covering long periods of time and the quite frequent and perhaps growing use of eminent domain which variously affects real estate we think our conclusion is more practical and less productive of litigation in contradistinction of the contrary view. Hardship which is highly improbable under our construction is, we believe, quite probable under the contrary view. The use of such contracts in many cases is beneficial to both parties and we should adopt that construction, when possible, which will avoid litigation and facilitate business. The force of the decision in Cavenaugh v. McLaughlin, 38 Minn. 83, 35 N. W. 576, is lost in the fact that the condemnation proceedings were pending when the contract was made.

We answer the inquiry in the negative. The following authorities support our conclusion: Stevenson v. Loehr, 57 Ill. 509, 11 Am. Rep. 36; Kuhn v. Freeman, 15 Kan. 423; Gammon v. Blaisdell, 45 Kan. 221, 25 Pac. 580; Clarke v. Long Island Realty Co. 126 App. Div. 282, 110 N. Y. Supp. 697; Nixon v. Marr, 111 C. C. A. 503, 190 F. 913, 36 L. R. A. (N. S.) 1067; 2 Warvelle, Vendors (2d ed.) § 982, p. 1178; Maupin, Marketable Title to Real Estate, pp. 339-340; Randolph, The Law of Em. Dom. § 170, p. 159, § 306, p. 281; 27 R. C. L. § 182, p. 467, § 221, p. 500; Story, Eq. Jur. (14th ed.) §§ 1092, 1612; 39 Cyc. 1301; Tif. Real Prop. (2d ed.) pp. 456-463-1695; Rawle, Covenants for Title (5th ed.) §§ 129, 153. Contra: Kares v. Covell, 180 Mass. 206, 62 N. E. 244, 91 Am. St. 271; John-

ston v. Callery, 173 Pa. St. 129, 33 Atl. 1036; Miller v. Calvin Philips & Co. 44 Wash. 226, 87 P. 264; Block v. Citizens Tr. & Sav. Bank, 57 Cal. App. 518, 207 P. 510; Hunt v. Inner Harbor Land Co. 61 Cal. App. 271; 214 P. 998. See also dissenting opinion Nixon v. Marr, supra.

Affirmed.