## HIRSCHFIELD v. BRYANT.

(Circuit Court of Appeals, Eighth Circuit. September 25, 1926.)

No. 291.

**1. Bankruptcy ☞446.**

Questionable findings of facts or of mixed facts and law are not reviewable on petition to revise.

**2. Bankruptcy ☞446.**

Findings of fact and of mixed facts and law are not reviewable on petition to revise, in absence of evidence on which they were made.

**3. Bankruptcy ☞11.**

Proceeding in bankruptcy is in equity.

**4. Jury ☞19(9).**

Bankrupt *held* not entitled to trial by jury in proceeding to require him to surrender to trustee property fraudulently withheld.

**5. Bankruptcy ☞136(2).**

Bankrupt *held* to have burden to prove charge that there was no evidence supporting finding of referee and District Judge that he possessed money fraudulently withheld.

Petition to Revise Order of the District Court of the United States for the District of South Dakota.

Petition by Israel Hirschfield, bankrupt, to revise an order of the District Court requiring him to surrender property wrongfully withheld to W. C. Bryant, trustee in bankruptcy. Petition dismissed.

R. W. Parliman, Jr., of Sioux Falls, S. D. (R. W. Parliman and J. C. Parliman, both of Sioux Falls, S. D., and C. J. Gunderson and A. B. Gunderson, both of Vermillion, S. D., on the brief), for petitioner.

Richard Converse, of Minneapolis, Minn. (Kay Todd, Walter Fosnes, and Charles W. Sterling, all of St. Paul, Minn., and C. O. Bailey, J. H. Voorhees, and T. M. Bailey, all of Sioux Falls, S. D., on the brief), for respondent.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

WALTER H. SANBORN, Circuit Judge. In this case the petitioner Hirschfield, who was adjudged a bankrupt on September 9, 1924, on his petition to revise in matter of law the order of the United States District Court of South Dakota made on December 10, 1925, that he turn over to W. C. Bryant, the trustee in bankruptcy of his estate, $15,575.27 in cash, asks this court to reverse and set aside that order. These were the proceedings which resulted in the order:

Hirschfield was adjudged a bankrupt on September 9, 1924. On October 14, 1924, his trustee in bankruptcy presented to the proper referee his petition for an order on the bankrupt to turn over to him $46,136.49 in money and property which the trustee alleged was fraudulently and unlawfully withheld and concealed from him as trustee and had been and was still in the possession and control of Hirschfield. The bankrupt denied these allegations, and a hearing on the petition, answer and evidence was had before the referee at which the bankrupt and the trustee were represented by counsel. The referee made and filed an elaborate finding of facts and stated his conclusions of law. The gist of his findings was that, before and at the time of his adjudication in bankruptcy and. ever since, the bankrupt intentionally and fraudulently held back and concealed and still had in his possession and control, so that he was able to turn over to his trustee, $15,-575.27 in cash, which was a part of his property which lawfully belonged to his trustee in bankruptcy for distribution among his creditors. The referee thereupon on June 17, 1925, made his order that the bankrupt, within 30 days from that date, should turn over and deliver "$15,575.27 in cash, which sum of money the said bankrupt has knowingly and fraudulently concealed from his trustee in bankruptcy herein since the filing by the said bankrupt of his petition for adjudication of bankruptcy herein, and which sum he (the said bankrupt) is still concealing from the said trustee." The bankrupt filed a petition to review this order of the referee by the District Judge, who, in his memorandum which is a part of the petition to revise in this case, wrote:

"That this is not a contempt at all, but is a civil proceeding to obtain an order to turn over property alleged to be in defendant's possession. It is alleged the bankrupt acquired the property with intent to defraud his creditors, and therefore it is necessary to prove the fraudulent purpose by clear, convincing, satisfactory evidence—evidence of such nature as to be not only convincing, but inconsistent with a presumption of honesty. * * * I have carefully reviewed the record in this case, and am of the opinion the record is not only clear and convincing, but convinces beyond a reasonable doubt, that, when this order was made by the referee this bankrupt had in his possession or under his control assets in the amount of $15,575.27, and that such assets were then a part of his estate in bankruptcy." Thereupon the District Court made the same findings of fact and conclusions of law that the referee had made, approved his order, and ordered the bankrupt to turn over to the trustee within 15 days the $15,575.27 in cash.

[1, 2] This is a petition to revise this order in matter of law, and questionable findings of facts or of mixed facts and law are not reviewable on this petition, first, because this. proceeding does not invoke the jurisdiction of this court to review such findings, and, second, the findings of fact and of mixed facts and of law are not reviewable in this appellate court, in the absence of the evidence before the referee and the District Court on which they made those findings and that evidence has not been brought to this court.

[3, 4] Counsel for the bankrupt allege in their petition to revise that there are seven questions of law which they seek to have reviewed. The first, second, third, and fifth challenge the order of the District Court on the ground that the order determines an issue on which the petitioner was and is entitled to a trial by jury. But the issue it determines is whether or not in a suit or proceeding in equity—for a proceeding in bankruptcy is a proceeding in equity—a chancellor may lawfully adjudge and decree that a bankrupt, who is knowingly and fraudulently holding and concealing in violation of the Bankruptcy Act property which belongs to his trustee in bankruptcy for the benefit of his creditors, shall deliver such property over to such trustee. That none of the provisions of the Constitution of the United States or of the Constitution of the state of South Dakota cited by counsel secure to a bankrupt a trial of that issue by jury or prevent the enforcement by a court of equity of a decree of that character, which in its wisdom it makes, is no longer debatable, and we dismiss these charges of error here.

[5] The fourth alleged question of law is that "there is no evidence that the bankrupt now has in his hands or in his possession, or did he have at any time since the filing of his petition, the sum of $15,575.27 in cash, or any other sum." But, in the face of the find-

ing of the referee to the contrary and of the conclusion of the District Judge that there was such evidence which convinced him beyond a reasonable doubt, this court cannot, in the absence of all the evidence, hold otherwise. It is true that the petitioner in this case has set forth in his petition to revise what he terms "a brief synopsis of the evidence;" but the burden was on him to prove his charge that there was no evidence that the bankrupt had any of this $15,575,27, and his synopsis of the evidence is far from establishing that fact or enabling a court of review to reverse the finding of the lower court and referee thereon.

The sixth alleged question of law is that there was no clear, satisfactory evidence, and the seventh was that there was no evidence which proved beyond a reasonable doubt that the bankrupt had in his possession $15,-575.27 at any time since his schedules in bankruptcy were filed. In the absence of the evidence, these questions of fact are not reviewable by this court.

The petition to revise must therefore be dismissed with costs, and it is so ordered.