## In re BEN BOLDT, JR., FLORAL CO.

## OREGON LUMBER CO. v. TERASAKI et al.

Circuit Court of Appeals, Tenth Circuit. January 4, 1930.

No. 56.

C. E. Wampler, of Denver, Colo. (Rees D. Rees, of Denver, Colo., on the brief), for appellant.

Percy Robinson, of Denver, Colo. (Lewis B. Johnson, of Denver, Colo., on the brief), for appellees Terasaki and Jiro Kaii.

Benjamin Griffith, of Denver, Colo., for appellee Stearns-Roger Manufacturing Company.

Before LEWIS, PHILLIPS and Mc-DERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge. This is an appeal from an order of the District Court in proceedings to review an order of the referee, in the bankruptcy proceedings of the Ben Boldt, Jr., Floral Company, allowing the claims and fixing the priority of liens of certain creditors against the assets of the bankrupt estate.

On April 8, 1927, the bankrupt and the appellees, Terasaki and Kaii, entered into a written contract whereby the bankrupt agreed to buy and Terasaki and Kaii agreed to sell a three acre tract of land in Adams county, Colorado, together with certain rights-of-way leading thereto, and certain improvements thereon consisting of one dwelling house, one greenhouse, one pump-house and pump, one boiler and heating apparatus, two water tanks and other greenhouse equipment. The contract provided that the purchase price of $4,-000 should be paid as follows: $500 in cash, on the date of the contract; $1,250 three months from such date, and $2,250 two years from such date. The contract further provided that the sellers should retain the legal title to the property until full payment of the purchase price and that upon such payment they should convey the property to the bankrupt by warranty deed. By further provisions of the contract, time was made the essence thereof and the sellers were given the right, in case of default, upon thirty days' notice, to declare a forfeiture; to retain the payments made, as liquidated damages, and to repossess the property. This contract was duly recorded April 13, 1927.

The bankrupt went into possession of the property, under the contract, and made certain repairs and improvements. These consisted of repainting and reglazing the greenhouse, installing a new pipe system, repairing the water system, building a new eight-room dwelling house, and a cement house over the water tank, installing a new boiler and heating system, repairing the existing dwelling house and placing new benches for growing flowers in the greenhouse.

The appellant, the Oregon Lumber Company, furnished materials for the new house, the old house, the cement house, and the greenhouse, and filed a claim of lien upon the three acre tract of land and all the improvements thereon, for $2,231.90, on account of such materials.

The appellee, the Stearns-Roger Manufacturing Company, furnished the materials for, and installed the new boiler and heating equipment for the greenhouse, and filed a claim of lien for $1,965 against such improvements, as an entire structure.

The appellees, Terasaki and Kaii, abandoned a prior claim of forfeiture of their contract of sale and filed a claim of lien for

$3,500, with interest from April 8, 1927, at 6% per annum, on account of the unpaid purchase price under such contract, and asserted a lien therefor against the property.

The order appealed from gave Terasaki and Kaii a lien against the property as it existed April 13, 1927, prior to the mechanics' liens, for the unpaid purchase price due under their contract; gave the lumber company a lien against the three acre tract as a unit, and affirmed an order of the referee, which gave the manufacturing company a lien, under the provisions of section 6444, C. L. Colo. 1921, against the boiler and heating plant as an entire structure or improvement, and permitted it to remove the same.

The applicable Colorado statutes read as follows:

Section 6444, C. L. Colo. 1921.

"The liens granted by this act shall extend to and cover so much of the lands whereon such building, structure or improvement shall be made as may be necessary for the convenient use and occupation of such building, structure or improvement, and the same shall be subject to such liens; and in case any such building shall occupy two or more lots or other sub-divisions of land, such several lots or other sub-divisions, shall be deemed one lot for the purposes of this act, and the same rule shall hold in cases of any other such improvements that shall be practically indivisible, and shall attach to all machinery and other fixtures used in connection with any such lands, buildings, mills, structures or improvements. When the lien is for work done or material furnished for any entire structure, erection or improvement, such lien shall attach to such building, erection or improvement for or upon which such work was done, or materials furnished, in preference to any prior lien or encumbrance, or mortgage upon the land upon which the same is erected, or put, and any person enforcing such lien may have such building, erection or improvement sold under execution and the purchaser at any such sale may remove the same within thirty days after such sale. * * * "

Section 6446, C. L. Colo. 1921.

"Any building * * * and every structure or other improvement * * * constructed, altered, added to, removed to or repaired, either in whole or in part, upon or in any land, with the knowledge of the owner or reputed owner of such land, or of any person having or claiming an interest therein, otherwise than under a bona fide prior, recorded mortgage, deed of trust or other incumbrance, or prior lienor, shall be held to have been erected, constructed, altered, removed, repaired, or done at the instance and request of such owner or person, but so far only as to subject his interest to a lien therefor as in this section provided; and such interest so owned or claimed shall be subject to any lien given by the provisions of this act, unless such owner or person, shall, within five days after he shall have obtained notice of the erection, construction, alteration, removal, addition, repair or other improvement, aforesaid, give notice that his interests shall not be subject to any lien for the same, by serving a written or printed notice to that effect, personally, upon all persons performing labor or furnishing skill, materials, machinery or other fixtures therefor, or shall, within five days after he shall have obtained the notice aforesaid, or notice of the intended erection, construction, alteration, removal, addition, repair or other improvement aforesaid, give such notice as aforesaid by posting and keeping posted a written or printed notice to the effect aforesaid, in some conspicuous place upon said land or upon the building or other improvement situate thereon. * * * "

Section 6447, C. L. Colo. 1921.

"All liens, established by virtue of this act shall relate back to the time of the commencement of work under the contract between the owner and the first contractor, or, if said contract be not in writing, then such liens shall relate back to and take effect as of the time of the commencement of the work upon the structure or improvement, and shall have priority over any and every lien or encumbrance subsequently intervening, or which may have been created prior thereto, but which was not then recorded, and of which, the lienor, under this act, did not have actual notice. Nothing herein contained, however, shall be construed as impairing any valid encumbrance upon any such land, duly made and recorded prior to the signing of such contract, or the commencement of work upon such improvement or structure. * * * "

Counsel for the lumber company contend that Terasaki and Kaii, because of their ownership of the legal title, were persons "having * * * an interest" in the land, rather than persons having a "recorded mortgage * * * or other incumbrance" thereon, under the provisions of section 6446, supra; that they failed to give the five days' notice, after knowledge of the improvements, as required by section 6446, supra; and that, therefore, the mechanic's lien of the lumber company is prior to the lien of Terasaki and Kaii.

A court of bankruptcy is a court of equity and is governed by the principles and rules of equity jurisprudence. Larson v. First State Bank of Vienna (C. C. A. 8) 21 F.(2d) 936, 938; Barks v. Kleyne (C. C. A. 8) 15 F.(2d) 153, 154; Hirschfield v. Bryant (C. C. A. 8) 14 F.(2d) 931, 932.

A binding contract for the sale and purchase of land, under which payments on the purchase price are to be made in the future, vests an equitable title to the land in the purchaser from the date of the execution of the contract. Royal Ins. Co. v. Drury, 150 Md. 211, 132 A. 635, 639, 45 A. L. R. 582; City Guaranty Bank v. Boxley, 132 Okl. 183, 270 P. 69, 72; Retsloff v. Smith, 79 Cal. App. 443, 249 P. 886, 887; Strahan v. Haynes (Ariz.) 262 P. 995, 999; Rappoport v. Crawford, 99 N. J. Eq. 669, 134 A. 120, 121; Baker v. Rushford, 91 Vt. 495, 101 A. 769, 770; Persico v. Guernsey, 129 Misc. Rep. 190, 220 N. Y. S. 689, 692; Mark v. Liverpool & London & Globe Ins. Co., 159 Minn. 315, 198 N. W. 1003, 38 A. L. R. 310; Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032, 1033.

Under such a contract, the vendor is trustee of the legal title for the purchaser and the vendee is trustee of the purchase money for the vendor. Orange Cove Water Co. v. Sampson, 78 Cal. App. 334, 248 P. 526, 530; Summers v. Midland Co., 167 Minn. 453, 209 N. W. 323, 324, 46 A. L. R. 816; Steiff v. Tait (D. C. Md.) 26 F.(2d) 489, 491; Strahan v. Haynes, supra; Ins. Co. v. Drury, supra; Rappoport v. Crawford, supra; Persico v. Guernsey, supra; Spratt v. Greenfield Co., 279 Pa. 437, 124 A. 126; Thompson Yards, Inc., v. Bunde, 50 N. D. 408, 196 N. W. 312, 313, 30 A. L. R. 538; Pomeroy's Eq. Juris. (4th Ed.) vol. 3, § 1160.

The vendor retains the legal title, but only as security for the purchase price. Retsloff v. Smith, supra; Water Co. v. Sampson, supra; Summers v. Midland Co., supra; Baker v. Rushford, supra; Spratt v. Greenfield Co., supra; Mark v. Ins. Co., supra; Thompson Yards, Inc., v. Bunde, supra; Shraiberg v. Hanson, supra; 39 Cyc. pp. 1302–1304; Pomeroy's Eq. Juris. (4th Ed.) vol. 3, §§ 1260, 1261, 1262, 1263.

It is our conclusion that, under the contract of sale, Terasaki and Kaii hold the legal title to the property, as trustees for the bankrupt, to secure the unpaid purchase price and are entitled to assert their lien therefor in a court of bankruptcy, which is a court of equity; and that such lien is a bona fide prior recorded encumbrance, under the provisions of section 6446, supra.

Counsel for the lumber company further contend that if the contract is an encumbrance, within the meaning of such statute, then certain of the materials were purchased by the bankrupt prior to the recordation of such contract. This contention is contrary to the finding of the referee, which has been approved and confirmed by the District Judge. Such a finding will not be disturbed unless clearly against the weight of the evidence. Schlafly v. United States (C. C. A. 8) 4 F.(2d) 195, 198; Commercial Nat. Bk. of Independence, Kan., v. Stock Yards Loan Co. (C. C. A. 8) 16 F.(2d) 911, 913; Reiss v. Reardon (C. C. A. 8) 18 F. (2d) 200, 202; Youngblood v. Magnolia Pet. Co. (C. C. A. 10) 35 F.(2d) 578, 579. We have examined the record and are of the opinion that the finding, that the contract of sale was recorded prior to the inception of the claim of lien, is in accord with the weight of the evidence.

Counsel for the lumber company further contend that the boiler and heating plant was not an entire structure or improvement, within the meaning of section 6444, supra. The Supreme Court of Colorado construed the meaning of "entire structure, erection or improvement," as used in section 6444, supra, in the case of Atkinson v. Colorado Title & Trust Co., 59 Colo. 528, 151 P. 457, 461, as follows:

"The phrase 'for an entire structure' is not used to designate a completed from an incompleted building, but to distinguish new structures, not before existing, from betterments, repairs, improvements, and the like on previously constructed or existing improvements."

See, also, Church v. Smithea, 4 Colo. App. 175, 35 P. 267.

It seems clear to us that the boiler and heating plant plainly fall within the phrase, "betterments, repairs, improvements, * * * on previously constructed or existing improvements," and not within the phrase, "new structure." They were an integral part of the greenhouse and took the place of an old heating plant. Therefore, the court erred in adjudging that the boiler and heating equipment constituted an entire structure.

It is our conclusion that the Stearns-Roger Manufacturing Company should have a lien for the unpaid purchase price on the entire tract of land and improvements of equal priority with the lien of the lumber

company and inferior to the lien of Terasaki and Kaii.

The order appealed from is modified accordingly and the costs of this appeal are adjudged one-half against the lumber company and one-half against the manufacturing company.