IN RE APPLICATION OF WOLF HAMPEL AND ANOTHER FOR PAYMENT OF CONDEMNATION AWARD v. JOE GLEASON AND OTHERS. MOLLIE MULHERAN AND OTHERS, RESPONDENTS.

225 N. W. 2d 844.

January 31, 1975—No. 45014.

*Fred Burstein* and *Gregg M. Corwin,* for appellants.

*Rider, Bennett, Egan, Johnson & Arundel* and *John C. Unthank,* for respondent Mollie Mulheran.

Heard before Otis, Rogosheske, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal from an order of the Hennepin County District Court declaring that a condemnation award is subject to the legal security interest of the vendors under a contract for deed and to the equitable interest of the vendees. The court concluded that the condemnation award should be deposited in a trust or savings deposit under court supervision to protect the vendors' lien from disposal of the proceeds by the vendees. The contract vendees, Wolf and Phyllis Hampel, appeal from this order. We affirm.

The Housing and Redevelopment Authority of Minneapolis condemned a portion of the property involved. The portion of the land condemned included a two-story frame building and garage. The total award of damages for this portion of the premises was in the sum of $12,000, which was deposited in the district court pursuant to Minn. St. 1969, §§ 117.10 and 117.42.[1] On that portion of the land not condemned stood a two-story apartment building. Appellants moved the district court for an

---

[1] Minn. St. 1969, §§ 117.10 and 117.42 were repealed by L. 1971, c. 595, § 29.

order releasing the condemnation award to them. The court denied that motion by ordering, in part:

"Vendees hold a continuing equitable interest in said $12,-000.00 award, and vendees upon selecting an appropriate financial institution may petition this Court for an Order transferring said sums to an interest bearing fund of such institution; that vendees shall be entitled to interest from any such fund upon said award, but vendees may not dispose of such funds to the extent a security interest of vendors remains thereon.

"Vendors' said security interest shall be diminished to the extent the outstanding principal balance on said Contract for Deed becomes less than $12,000.00."

The precise issue is whether, when a portion of a parcel of land subject to a contract for deed is taken by eminent domain, the contract vendor's legal interest constitutes a lien upon the entire condemnation award in order to adequately protect his security interest under the contract for deed.

There is no basic dispute as to the underlying legal principles. In Summers v. Midland Co. 167 Minn. 453, 209 N. W. 323, 46 A. L. R. 816 (1926), this court explicitly discussed the guidelines necessarily to be followed in determining this issue:

"* * * The vendee takes the equitable title, subject to the exercise of the right of eminent domain, just as though the title has been conveyed to him. The taking of land in condemnation proceedings is in a legal sense a purchase and sale and the vendee in the contract, being the equitable owner, must be considered as the vendor in such forced sale. In theory at least such forced sale provides full compensation. He then should receive the award. The vendee being the equitable owner, what the sovereign takes under the power of eminent domain belongs to the vendee and not to the vendor. If the security of the vendor is impaired by reason thereof his rights must be protected and if the vendor should receive the award he must hold it as trustee for the vendee. On principle the vendee does not suffer any loss upon our the-

ory of the law, because in condemnation any damage is fully compensated. If the vendor's security is not impaired he is not interested at all in the sovereign act—that is something that concerns the vendee who is for all practical purposes the owner. So considered the matter is simple." 167 Minn. 456, 209 N. W. 324, 46 A. L. R. 817.

Specifically, courts have ruled that where land upon which there is a contract lien is converted into a condemnation award, the lien holder may have his lien attach to that award. Dye v. Schick, 74 Ind. App. 459, 129 N. E. 242 (1920).

Appellants assert that the security interest of the vendor is not impaired solely on the basis that such an interest is adequately protected by the value of the property which was not condemned. To support this contention, an appraisal of that portion of the property not condemned, which appraisal set a present market value on that part of the property of more than twice the outstanding balance of the purchase price, was introduced into evidence. To accept this theory and on the basis thereof to rule that the security interest has not been impaired would necessitate an unwarranted reliance upon present circumstances without regard for the multiplicity of unexpected occurrences, including possible market fluctuation, which in the future might jeopardize this interest.

The lower court was fully cognizant of possible future impairment and determined that the condemnation merely had the effect of dividing the property. Thus the vendor's legal interest in the secured property could be traced to the condemnation award. To hold otherwise would have the effect of rewriting the contract. The contract for deed still provides that upon default the vendors have a right to return of the entire property, even though it has increased in value. Therefore, the court concluded that adequate protection of these vendors' interests could be effectuated only with the trust deposit as ordered. Such a conclusion was proper and is therefore affirmed.

Affirmed.

MR. JUSTICE MACLAUGHLIN took no part in the consideration or decision of this case.