IN RE PETITION OF THOMAS P. HOLDEN AND OTHERS FOR ESTABLISHMENT OF COUNTY DITCH NO. 71, Le SUEUR COUNTY.
DONOVAN L. BOISEN AND ANOTHER, APPELLANTS.
JAMES R. BYRNE AND OTHERS, APPELLANTS.

232 N. W. 2d 806.

August 29, 1975—No. 45255.

*Mellby & Norris* and *Theodore R. Mellby,* for appellants Boisen.

*Miller Law Office* and *Raphael J. Miller,* for appellant Byrne and others.

*Young & Moriarty, Everett L. Young,* and *Patrick J. Moriarty,* for respondents Holden.

*Harry F. Christian,* County Attorney, for respondent County of Le Sueur.

Heard before Todd, MacLaughlin, and Yetka, JJ., and considered and decided by the the court en banc.

MACLAUGHLIN, JUSTICE.

On August 8, 1972, a petition was filed with the Le Sueur County Board of County Commissioners requesting the establishment of a drainage ditch in the northern part of Le Sueur County. On January 8, 1974, the county board ordered establishment of the ditch, which was designated as County Ditch No. 71. Pursuant to Minn. St. 106.631, the board's order was appealed to district court. The district court, after trial without a jury and without prepared findings of fact and conclusions of law,[1] issued an order upholding the establishment of the ditch by the Le Sueur county board, and this appeal followed. We reverse.

County Ditch No. 71, which has not yet been constructed, will cost approximately $146,500 and will be 5 miles long. Part of the ditch will channelize a natural watercourse, Forest Prairie Creek. Six other ditches in the area will be drained by Ditch No. 71. The area directly affected by the ditch includes 500 acres of marshland along the main channel. Two state wildlife management areas comprising another 500 acres may also be affected in some degree. The marshland in these areas provides habitat and nesting for deer, pheasants, waterfowl, muskrats, mink, rabbits, and squirrels. One witness, an area game manager for the Department of Natural Resources, testified that construction of the ditch will cause a loss of this habitat and a decline in the number of species of wildlife in the area.

---

[1] See Rule 52.01, Rules of Civil Procedure, which provides in part: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *."

Minn. St. 106.021, subd. 2, provides:

"No lake shall be drained nor shall a natural watercourse be channelized except upon the determination of the commissioner of natural resources of the state of Minnesota that such lake or natural watercourse is not public waters of the state as defined by section 105.38, or pursuant to the permit of the commissioner as provided in subdivision 3."

The Le Sueur county board applied to the Department of Natural Resouces (DNR) for a permit on January 7, 1974, one day before the board's order establishing the ditch. No permit has yet been issued by the DNR. In Herschman v. State, Dept. of Natural Resources, 303 Minn. 50, 225 N. W. 2d 841 (1975), a case in which the Sibley County Board of County Commissioners ordered the establishment of a ditch to lower the water level of a meandered lake, we held that because no permit had been issued by the DNR pursuant to § 106.021, subd. 2, and because the DNR had not determined that public waters were not involved, the county board had no jurisdiction to order establishment of the drainage ditch. So, too, in this case, because no permit has been issued, and because the DNR has not determined that public waters are not involved, the county board lacked jurisdiction and the order establishing the ditch must be vacated and set aside.

Our holding will not necessarily foreclose construction of the proposed ditch. An application for a permit is pending with the DNR, and as we quoted with approval from the memorandum of the trial court in Herschman (303 Minn. 55, 225 N. W. 2d 844):

"The landowners adjoining the lake and petitioners in the proceeding before the County Board may still be able to accomplish the purpose of the ditch proceedings by applying for a permit. If that is refused, some means of review of such denial no doubt will be afforded by certiorari if appeal is not provided."

Other issues raised on appeal include the following:

(a) Appellants claim that Minn. St. 116D.01, et seq., required the preparation of an environmental impact statement prior to the establishment of the ditch. We are informed that on February 11, 1975, the Minnesota Environmental Quality Council, acting pursuant to § 116D.04, subd. 1, determined that Le Sueur County Ditch No. 71 was a "major governmental action" with the "potential for significant environmental effects," and ordered Le Sueur County to prepare an environmental impact statement on the proposed ditch. We assume that upon the issuance of this opinion Le Sueur County will comply with that request if the proceedings for the ditch are continued.

(b) Appellants claim that the county board did not follow proper statutory procedures in the appointment of an engineer to make the preliminary survey, § 106.071, et seq., and that there was not proper personal direction and supervision of the surveying and planning for the ditch by a registered engineer as required by statute. We have carefully considered this argument and have concluded that these contentions are not supported by the record.

For the reasons stated herein, the order of the district court is reversed, and the order of the Le Sueur County Board of County Commissioners establishing County Ditch No. 71 is vacated and set aside.

Reversed.