STATE EX REL. MICHAEL M. BLEE AND ANOTHER
v. CITY OF ROCHESTER AND OTHERS.

109 N. W. (2d) 44.

May 5, 1961—No. 38,182.

*Foley & Foley,* for relators.

*R. V. Ehrick,* City Attorney, for respondents.

KNUTSON, JUSTICE.

This is an original proceeding under a writ of quo warranto issued out of this court to test the validity of an annexation proceeding in the city of Rochester. The matter was referred to the Honorable A. C. Richardson as referee, who made findings of fact and conclusions of law upholding the validity of the annexation.

The facts essential to a determination of the issues raised here may be briefly stated.

On April 27, 1960, a petition to annex Blocks 1 to 12, inclusive, West Zumbro Addition, Olmsted County, to the city of Rochester was duly filed in the office of the city clerk. The proceeding is brought under Minn. St. 414.03, subd. 7, which, as far as material here, reads:

"If the land is platted or, if unplatted, does not exceed 200 acres, the owner or a majority of the owners in number may petition the governing body of the municipality to have such land included within the municipality. If the governing body determines that the annexation will be to the best interests of the municipality and of the territory affected, it may by ordinance declare such land annexed to the municipality, but if the petition is not signed by all the owners in number of the land proposed to be annexed, the ordinance shall not be passed until the governing body has held a hearing on the proposed annexation after at least 30 days posted notice."

The petition was submitted to the common council at a regular meeting on May 2, 1960. At the same meeting, the common council adopted a written resolution which determined that the petition to annex West Zumbro Addition "appears to be in proper form and duly signed by a majority of owners in number of the land sought to be annexed." It thereupon ordered a public hearing of the proposed annexation to be held on June 6 and directed the city clerk to publish notice of the hearing in the official newspaper and post notice of the hearing in three public places in the area proposed to be annexed, all not later than May 6, 1960. The notice of hearing was published on May 6, 1960. No affidavit or written report of the posting of notices in the three public places in the area was made by the officer to whom the responsibility of posting the notice was given by the council, but the officer testified at the hearing before the referee that he did post such notice, and the referee found that to be true.

On June 6, 1960, a hearing on the proposed annexation was held by the common council in the city hall, and on July 5, 1960, an ordinance was adopted annexing the blocks involved in the petition.

Solution of the dispute rests on a determination of the sufficiency of the number of petitioners who signed the petition. Inasmuch as all owners did not sign the petition, the statute requires a majority of the

*owners* in number to sign. The validity of some of the signatures is in dispute. The main dispute, however, concerns who are "owners" within the meaning of the statute as between vendors and vendees under contracts for deed. It is the contention of relators that both vendors and vendees must be counted as owners in determining the sufficiency of such petition. Respondents, on the other hand, contend that vendees should be counted to the exclusion of vendors. The referee found that, if vendors and vendees must be counted, there are 247 owners. If vendees are to be counted to the exclusion of vendors, there is a total of 222 owners. While the validity of a number of signatures is challenged, the referee found that there was a total of 112 signatures which were not challenged so that if vendees alone are counted there is a majority even though all challenged signatures are held to be invalid. A careful examination of the entire record has convinced us that the referee's findings as to the number of owners and signers whose names are not challenged are sustained by the evidence.

In addition to the question of the sufficiency of the number of signers, relators contend that the council lacked jurisdiction to proceed because no affidavit of posting was filed at the time the petition was considered.

█ A review of the authorities dealing with the meaning of the word "owner" leads to the conclusion that it has no fixed meaning but that the meaning of the word varies according to the context of the statute in which it is used and the purpose which is intended to be accomplished.[1]

The relationship of vendor and vendee in a contract for deed has been thoroughly reviewed in prior decisions of this court.[2] Under these decisions it is well established that in this state the vendor in a contract for deed occupies a position substantially analogous to that of a mortgagee. He holds the legal title in trust as security for the payment of

---

[1]See, Annotations, 2 A. L. R. 778 and 95 A. L. R. 1085; 30 Wd. & Phr. (Perm. ed.) p. 606.

[2]Summers v. Midland Co. 167 Minn. 453, 209 N. W. 323, 46 A. L. R. 816; In re *Petition of S. R. A. Inc.* 213 Minn. 487, 7 N. W. (2d) 484; In re Petition of S. R. A. Inc. 219 Minn. 493, 18 N. W. (2d) 442, affirmed, 327 U. S. 558, 66 S. Ct. 749, 90 L. ed. 851.

the purchase price. The equitable and beneficial ownership rests in the vendee.

While the question now before us is one of first impression in this state, In re Construction of County Ditch No. 110, Renville County, 241 Minn. 180, 62 N. W. (2d) 816, is somewhat analogous in so far as determination of the proper meaning of the word "owner" is concerned. That case involved the sufficiency of a petition in a drainage proceeding. In holding that a mortgagee, as well as a vendor in a contract for deed, was not an owner within the meaning of the statute there involved, we said (241 Minn. 186, 62 N. W. [2d] 820):

"A review of the authorities of other jurisdictions dealing with the word 'owner' as it relates to real estate reveals that the word does not have a fixed meaning applicable under all circumstances and to any and every enactment. The word 'owner' may be used to convey a broad meaning or it may be used in a restricted sense. The particular section in which it is used here deals with the signing of the petition. This petition merely initiates the proceedings for the establishment of the ditch. It does not preclude other interested parties from later entering the proceedings. We believe that the word 'owner' is used here in its popular sense, the sense in which it is understood by the people as a whole. It refers to the general and beneficial owner, the person whose interest is primarily one of possession and enjoyment in contemplation of ultimate ownership. We do not consider it as including those who may have a right or lien to enforce against such property because of a collateral pecuniary claim. * * *

"* * * We hold that a vendor is not an owner within the meaning of the statute under consideration here and that it was unnecessary for the vendor to sign the petition."

There is little authority elsewhere on the precise question before us. City of Phoenix v. State of Arizona, 60 Ariz. 369, 137 P. (2d) 783, 146 A. L. R. 1255, involved the validity of an annexation proceeding. In holding that vendees are owners in such proceeding to the exclusion of vendors, the Arizona court said (60 Ariz. 377, 137 P. [2d] 786, 146 A. L. R. 1258):

"The word 'owner' has no technical meaning, but its definition will

contract or expand according to the subject matter to which it is applied. As used in statutes it is given the widest variety of construction, usually guided in some measure by the object sought to be accomplished in the particular instance. * * *

"It is true the legal title to these parcels of real estate had not yet passed to the purchaser, yet they were in possession, exercised dominion over them, could rent or lease them, paid the taxes, and to the extent of their payments at least, were the equitable owners."

Looking at the result of an annexation, it seems apparent to us that it is the vendee and not the vendor who will be affected by it, at least until there is a default in the performance of the contract. Annexation places no cloud on the title of the subject property. It does make changes that affect the beneficial owner. The property becomes subject to the taxation and police power of the municipality—liabilities incurred and benefits received by the vendee. He receives the benefit of police and fire protection and other services rendered by the city for which he assumes his share of the obligation to pay. Many examples could be cited of liabilities incurred and benefits resulting from annexation, all of which seem to affect the vendee rather than the vendor. While there is the ultimate possibility that the vendor may become the owner of the property by virtue of a default, that alone, we think, is insufficient to constitute him an owner within the meaning of this statute. We therefore conclude that the referee correctly determined that vendees are the owners of the property within the meaning of this statute to the exclusion of vendors. It follows that the petition contained the requisite number of signatures even though all challenged signatures are discarded; hence we need not consider the contentions of the parties respecting the validity of such challenged signatures.

■ The only other contention which merits any discussion relates to the failure of the officer who posted the notices of hearing to file an affidavit of proof of posting prior to the time when action was taken on the petition by the city council. The referee found as a fact that the notices were duly posted. That finding is amply sustained by the evidence. We have held that it is the fact of service of process that

gives a court jurisdiction even though the proof is defective.[3] We think that it is equally true here that it was the fact of posting which gave the council jurisdiction to proceed. Proof of posting could be supplied when the hearing was held. It then became a question of fact whether the requisite notice had been given by posting. Inasmuch as the referee has found that due notice was given by posting and that finding is sustained by the evidence, it follows that the council had jurisdiction to proceed.

Let the writ of quo warranto be quashed.

---

[3]Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93; Murray v. Murray, 159 Minn. 111, 198 N. W. 307.