[Nos. 46464, 46465. En Banc. September 25, 1980.]

CERTIFICATION FROM THE
UNITED STATES DISTRICT COURT
FOR WESTERN WASHINGTON
IN

*In the Matter of* WILLIAM ALBERT FREEBORN, JR., ET AL, *Bankrupts,* WARREN L. ERICKSON, *as Trustee in Bankruptcy, Plaintiff,* v. SEATTLE TRUST & SAVINGS BANK, ET AL, *Defendants.*

*In the Matter of* HYAK SKIING CORPORATION, *Debtor,* ALDO PATRICELLI, ET AL, *Plaintiffs,* v. BRUCE T. THURSTON, ET AL, *Defendants.*

*Harry B. Fay III* and *Devin, Hamlin, Erickson & Fay,* for plaintiff.

*Thomas H. Murphy, Mark S. Elgot,* and *Richard Kelleher,* for defendants.

*Orly J. Sorrel* (of *Nicolai, Sorrel & Binns*), for defendant Thurston.

*David O. Hamlin* (of *Devin, Hamlin, Erickson & Fay*), for plaintiffs Patricelli, et al, and defendant Page.

WRIGHT, J.—This matter is before the court upon certification from the United States District Court for the Western District of Washington upon the authority of RCW 2.60.010–.030 and Rule of Appellate Procedure 16.16. Two cases involving substantially identical questions[1] have been consolidated. The primary question is whether an assignee of a vendor's right to receive payments in an executory contract for the sale of real property has priority over subsequent lien creditors (including a trustee in bankruptcy) if the assignment is recorded under RCW 65.08.070 but not filed under the Uniform Commercial Code (U.C.C.), RCW 62A.9–101 *et seq.* In In re Freeborn (No. 46464), the question was actually certified from the federal court, while in In re Hyak Skiing Corporation (No. 46465), the exact wording of the question came from the parties' stipulation.

Freeborn stems from a loan by Seattle Trust and Savings Bank (Seattle Trust) to William and Clara Freeborn which was secured by an assignment of their vendors' interest in a real estate contract. The document of assignment, entitled "Deed and Seller's Assignment of Real Estate Contract," expressly (a) assigns the contract and (b) conveys the real estate. The face of the document includes a statement that the transfer is "for security purposes only". Although the assignment was recorded with the King County Auditor,

---

[1]The question certified to this court in In re Freeborn (No. 46464) reads:

"In order to have priority over the interests of a subsequent lien creditor (including a trustee in bankruptcy), a purchaser, or encumbrancer, must the grantee of a vendor in a real estate contract under a 'deed and seller's assignment of real estate contract' executed on October 18, 1974 to secure a loan, whereby vendor expressly assigns the contract and expressly conveys the real estate, comply with the filing requirements of RCW 62A.9–101, et seq., the recording requirements of RCW 65.08.070, or both such filing and recording requirements?"

In re Hyak Skiing Corporation (No. 46465) presents this question:

"In order to have priority over the interests of a subsequent lien creditor, purchaser or encumbrancer, including a trustee in bankruptcy, must the assignee of a vendor in real estate contract under a 'Seller's Assignment of Contracts and Deed,' executed on July 19, 1971 to secure a loan, whereby the vendor expressly assigns the contracts but does not expressly convey the real estate, comply with the filing requirements of RCW 62A.9–101 et seq., the recording requirements of RCW 65.08.070, or both such filing and recording requirements?"

Seattle Trust did not file a financing statement with the Secretary of State pursuant to U.C.C. article 9.[2]

The Freeborns subsequently filed a petition in bankruptcy. Plaintiff Warren L. Erickson was appointed trustee. The bankruptcy court, Kenneth S. Treadwell, Judge, granted the trustee's motion for summary judgment. He held that in Washington a vendor under a real estate contract has a right to receive contract payments, which is personal property, and a right to hold legal title to the real property until fully paid. He further held that the transfer for security of the right to receive payments was a transfer of personal property which must be perfected under U.C.C. article 9. In the bankruptcy court's view, because the assignment was not perfected under the U.C.C. the trustee had the right to collect contract payments and Seattle Trust had only general creditor status. We affirm the bankruptcy court.

In re Hyak Skiing Corporation (No. 46465) arose from a loan by Marie L. Hillman to Hyak Skiing Corporation (Corporation) secured by an assignment of a vendor's interests in real estate contracts. The document of assignment is entitled, "Seller's Assignment of Contracts and Deed". However, the deed portion of the document is not completed or executed. Hillman recorded the assignment but did not file a financing statement pursuant to U.C.C. article 9. The corporation subsequently applied for bankruptcy relief.

Aldo Patricelli and David O. Hamlin, respectively chairman of the creditors' committee and an unsecured creditor of debtor corporation, brought an action against Marie L. Hillman, a secured creditor, to invalidate or set aside her security and relegate her to general creditor status. Plaintiffs argued the security interest—the right to receive real

---

[2]RCW 62A.9-401(1) now provides for filing with the Washington State Department of Licensing in most instances in order to perfect a security interest, rather than filing with the Secretary of State. *See* Laws of 1979, ch. 158, § 211, p. 1016–17, and Laws of 1977, 1st Ex. Sess., ch. 117, § 7, p. 436.

estate contract payments—had not been properly perfected by filing a financing statement under the U.C.C.

The bankruptcy court judge, Sidney C. Volinn, deferred action on motions for summary judgment pending the decision of the district court in the appeal in Freeborn. When that case was certified, the defendant Bruce T. Thurston[3] moved for certification in Hyak. The district court granted that motion. As far as can be ascertained from the record, there was not a formal certification. Nonetheless, because the parties agreed upon the form of question we shall treat it as if it had been formally certified.

Seattle Trust argues in its brief that any decision in this matter should only apply prospectively. This issue is not part of the certified question and accordingly, will not be considered.

I

Initially we must decide if the right to receive real estate contract payments is personal property. We hold that it is personal property.

■ Washington case law supports the conclusion that the right to receive contract payments under a contract for the sale of real property is personal property. In *Cascade Sec. Bank v. Butler*, 88 Wn.2d 777, 567 P.2d 631 (1977), we said at page 782: "Specifically we here hold that a real estate contract vendee's interest is 'real estate' within the meaning of the judgment lien statute." In *Cascade* we cited numerous Washington cases supporting the characterization of a vendee's interest as real property and a vendor's interest as personal property.

Several cases hold that the vendor's interest is personal property. Three cases so hold in the context of probate proceedings. *In re Plasterer's Estate*, 49 Wn.2d 339, 301 P.2d 539 (1956); *In re Eilermann's Estate*, 179 Wash. 15, 35 P.2d 763 (1934); *In re Field's Estate*, 141 Wash. 526, 252 P. 534 (1927). A recent case to the same effect is *Meltzer v.*

[3]Substituted defendant Thurston is the successor in interest to creditor Hillman.

*Wendell–West,* 7 Wn. App. 90, 497 P.2d 1348 (1972), which holds that a husband can convey a vendor's interest in a real estate contract without the wife joining in the conveyance because that interest is personal property.

## II

The next issue is: Does U.C.C. article 9 apply to the assignment of a vendor's right to real estate contract payments?

■ Defendants Thurston and Seattle Trust argue that the respective assignments are excluded from the U.C.C. by two provisions—RCW 62A.9–102(1) and RCW 62A.9–104(j). RCW 62A.9–102(1) reads in part:

> Except as otherwise provided . . . in RCW 62A.9–104 on excluded transactions, *this Article applies so far as concerns any personal property* and fixtures within the jurisdiction of this state
>
> (a) to any transaction (regardless of its form) which is *intended to create a security interest in personal property* or fixtures including goods, documents, instruments, general intangibles, chattel paper, accounts or contract rights . . .

(Italics ours.) RCW 62A.9–104(j) provides:

> This Article does not apply
>
> . . .
>
> (j) except to the extent that provision is made for fixtures in RCW 62A.9–313, *to the creation or transfer of an interest in or lien on real estate,* including a lease or rents thereunder; . . .

(Italics ours.) The essence of the argument of defendants Seattle Trust and Thurston is that the contract right is an interest in realty and thus is excluded by RCW 62A.9–102(1)(a) and 62A.9–104(j). However, because we hold that a vendor's right to receive real estate contract payments is personal property it is evident U.C.C. article 9 applies.

A bankruptcy court considering the same contention made by Seattle Trust and Thurston held, as we do, that the transfer of rights in the contract is a transfer of personalty. *Hughes v. Russo,* 20 U.C.C. Rep. Serv. 1349 (S.D. Fla. 1976). The *Russo* court stated at page 1354:

A right to contract proceeds is surely not an interest in land. No interest in land passes to a third party who obtains a right to collections on the contract as security for a loan obligation. Nor is the pledge of contracts an interest in land . . .

Thus, Article Nine is not applicable to execution of the subject contracts for the sale of land. . . . However, when the vendor pledges his contract rights to defendants, Article Nine applies to the security interest created therein.

*See also H. & Val J. Rothschild, Inc. v. Northwestern Nat'l Bank,* 309 Minn. 35, 242 N.W.2d 844 (1976) (assignment for security of contractor's rights to receive payments under construction contracts creates security interest in contract rights covered by U.C.C. article 9).

Defendants Thurston and Seattle Trust next focus on RCW 62A.9–102(3) and Official Comment 4 to U.C.C. § 9–102. RCW 62A.9–102(3) reads:

The application of this Article to a security interest in a secured obligation is not affected by the fact that the obligation is itself secured by a transaction or interest to which this Article does not apply.

Official Comment 4 reads:

An illustration of subsection (3) is as follows:

The owner of Blackacre borrows $10,000 from his neighbor, and secures his note by a mortgage on Blackacre. This Article is not applicable to the creation of the real estate mortgage. Nor is it applicable to a sale of the note by the mortgagee, even though the mortgage continues to secure the note. However, *when the mortgagee pledges the note to secure his own obligation to X, this Article applies to the security interest thus created, which is a security interest in an instrument even though the instrument is secured by a real estate mortgage.*

(Italics ours.)

Defendant Thurston acknowledges the applicability of the U.C.C. to the pledge of a note to secure the mortgagee's own obligation to a third party but nonetheless argues the U.C.C. is only "tangentially" involved because the security

interest in the note can be perfected by possession. However, the situation in the comment set out above—where the mortgagee pledges the note to secure his own obligation to a third party—is analogous to the instant case. Here, the vendor and holder of legal title assigned the right to receive real estate contract payments in order to secure his obligation to a third party. *Hughes v. Russo, supra,* relies on an earlier but very similar version of Official Comment 4 to U.C.C. § 9–102 in concluding that the giving of a mortgage along with the assignment of land sale contracts as collateral created a security interest (in the contracts) subject to article 9. The *Russo* court at page 1353 n.3 approvingly quoted J. White & R. Summers, *Uniform Commercial Code* § 22–6, at 773 (1972), "It appears that Article Nine applies to security interests in 'realty paper'". In summary, RCW 62A.9–102(3), U.C.C. § 9–102, Official Comment 4 and *Russo* demonstrate that article 9 applies to the assignment of the legal title and contract together (Freeborn), requiring U.C.C. filing as to the contract right in order to perfect a security interest, as well as to the assignment of contract rights alone (In re Hyak Skiing Corporation).[4]

We hold that where the right to real estate contract payments *alone* is assigned and the legal title held by the vendor is not simultaneously conveyed by deed, as in In re Hyak Skiing Corporation, the assignee must file pursuant to U.C.C. article 9, RCW 62A.9–101 *et seq.,* in order to have priority over subsequent lien creditors, purchasers and encumbrancers, including a trustee in bankruptcy. While we strongly recommend that the assignment also be

---

[4]Defendants Thurston and Seattle Trust cite five cases that they say demonstrate the inapplicability of the U.C.C. *Rucker v. State Exch. Bank,* 355 So. 2d 171 (Fla. Dist. Ct. App. 1978); *Union Livestock Yards, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 552 S.W.2d 392 (Tenn. App. 1976); *Ingram v. Ingram,* 214 Kan. 415, 521 P.2d 254 (1974); *In re Bristol Assocs., Inc.,* 505 F.2d 1056 (3d Cir. 1974). The *Rucker* court held that the assignment of a mortgage for security purposes is not a secured transaction under article 9. That is not inconsistent with assignors' position here. The other cases, unlike the instant case, concern leases or rents, which are expressly excluded from article 9 by RCW 62A.9–104(j). Consequently, these cases have no application to the case at bench.

recorded[5] pursuant to RCW 65.08.070, recording is not legally required because only an interest in personal property—unaccompanied by the vendor's legal title—has been transferred.

We further hold that where the vendor in a real estate contract executes a "Deed and Seller's Assignment of Real Estate Contract" by which he or she (a) assigns the contract and (b) conveys the real estate (legal title), as in In re Freeborn, the assignee–grantee must both file pursuant to U.C.C. article 9 (RCW 62A.9–101 *et seq.*) *and* record pursuant to RCW 65.08.070 in order to have priority over subsequent lien creditors, purchasers and encumbrancers. The U.C.C. filing is necessary as to the right to receive contract payments. Recording is required because legal title is conveyed by the same instrument.

The clerk of this court shall certify this opinion to the federal district court in accordance with RAP 16.16(g) in answer to the questions of Washington law submitted.

UTTER, C.J., ROSELLINI, STAFFORD, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.

Reconsideration denied December 26, 1980.

---

[5]A "practice tip" in the Real Property Deskbook states: "[T]he practitioner preparing documentation for a security interest in the vendor's or vendee's interest in a real estate contract would be well advised to perfect that security device as both a real property security device (i.e., by properly recording the same as a mortgage or deed of trust), and a personal property security device (by filing a financing statement under the Uniform Commercial Code)." 2 Washington State Bar Association, Real Property Deskbook § 41.6, at 41–8 (1979).