In re Martin Frank SHUSTER and Carol Sue Shuster, Debtors.

Martin F. SHUSTER and Carol S. Shuster, Husband and Wife, Plaintiffs,

v.

Richard DOANE and Barbara Doane, Husband and Wife; Production Credit Association of Chippewa Falls, Wisconsin, Defendants and Third-Party Plaintiffs,

v.

FOREST LAKE STATE BANK; Mary Jo Thomsen and Donald Thomsen, Third-Party Defendants.

Bankruptcy No. 3–83–1457.
Adv. No. 83–0443.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 6, 1984.

Phillip Kunkel, Hastings, Minn., for debtors.

Richard Nadler, St. Paul, Minn., for Richard and Barbara Doane, the assignees of the debtors-vendors interest in the contract for deed.

David Doyscher, Forest Lake, Minn., for Forest Lake State Bank, the underlying mortgagee.

## MEMORANDUM ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the Court on the Debtors' complaint seeking to avoid the security interest or lien of the Doanes created by the Debtors' assignment of their vendor's interest in a contract for deed. The parties agreed that no factual issues existed, and submitted the matter on cross motions for summary judgment.

Now, based on the file and arguments of counsel the Court makes the following memorandum order pursuant to the Rules of Bankruptcy Procedure.

### I

In 1978 the Debtors sold some real property to the Thomsens pursuant to a contract for deed which was duly filed in the Washington County Recorder's Office in early 1979. On May 1, 1981 the Debtors sought to purchase property owned by the Doanes located in Wisconsin. The Debtors executed a promissory note in the amount of $102,000.00 and executed an assignment of contract for deed relating to the property sold to the Thomsens. The Doanes duly

recorded the assignment with the Washington County Recorder's Office. The Doanes subsequently assigned this interest to PCA of Chippewa Falls. No financing statement was ever filed with the Secretary of State.

On August 25, 1983, the Debtors filed a voluntary joint Chapter 11 bankruptcy petition. Shortly thereafter the Debtors filed a complaint to avoid the Doanes and/or PCA's lien pursuant to 11 U.S.C. 544. The Debtors argue that the Doanes and PCA have failed to perfect their interest because they did not file Uniform Commercial Code Financing Statements with the Secretary of State. The filing of the assignment with the county recorder is insufficient, they argue, to perfect an interest in personalty—which is what the Debtors allege an assignment of the vendor's interest constitutes in this case. Therefore, as a hypothetical judgment creditor they may avoid the lien of the Doanes and PCA pursuant to Section 544(a)(1).

The Doanes and PCA both argue that filing the assignment with the county recorder perfected their interest. Minnesota law requires that documents affecting an interest in real property be recorded in the office of the county recorder in which the land is situated. M.S.A. 507.10, et seq. Doanes and PCA argue that an assignment of the vendor's interest in a contract for deed is an interest in real property within the meaning of the statute and therefore their interests are properly perfected. The Court agrees.

## II

The Minnesota Supreme Court has not dealt with the issue of whether a vendor's interest in a contract for deed is an interest in real property or personalty in this type of situation. The Minnesota Court has determined that for probate purposes such an interest is personalty. See, *Petition of S.R.A., Inc.*, 213 Minn. 487, 7 N.W.2d 484 (1942); *Summers v. Midland Co.*, 167 Minn. 453, 209 N.W. 323 (1926); *State v. Probate Court*, 145 Minn. 155, 176 N.W. 493 (1920); and *State v. Rand*, 39 Minn.

502, 40 N.W. 835 (1883). However, the Minnesota Court has limited this determination only to the will situation and the Minnesota recording statute makes a specific exception for wills. M.S.A. 507.01.

A vendor's interest in a contract for deed is an interest in real property. If the vendee defaults on the contract, the vendor, after appropriate notice and vendee's failure to reinstate, becomes the full owner. Despite the fact that the vendor holds only legal title and the vendee equitable title, the Minnesota Court has repeatedly stated that the relationship of the vendor and vendee is analogous to that of mortgagee and mortgagor. *Nicols v. L & O., Inc.*, 293 Minn. 17, 196 N.W.2d 465 (1972); *State ex rel. Blee v. City of Rochester*, 260 Minn. 151, 109 N.W.2d 44 (1961). A mortgage is clearly an interest in real property. In this case and under these circumstances, the Court finds that characterizing a vendor's interest in a contract for deed as a real property interest like a mortgage assignment is appropriate. By treating the vendor's interest as an interest in real property, the Court also finds that no financing statement needs to be filed to perfect the lien because the transaction is outside the scope of the Uniform Commercial Code as codified in M.S.A. 336.9–102 et. seq.

The Court's decision is also based on a careful analysis of the Minnesota recording statutes. Minnesota Statute 507.01 states:

The word "purchaser," as used in this chapter, embraces every person to whom any estate or interest in real estate is conveyed for a valuable consideration *and every assignee of* a mortgage, lease, or *other conditional estate*. The word "conveyance," as so used, includes every instrument in writing *whereby any interest in real estate is* created, aliened, mortgaged, *or assigned* or by which the title thereto may be affected in law or in equity, except wills, leases for a term not exceeding three years, and powers of attorney.

(emphasis added). The statute specifically applies to assignees of mortgages as well

as "other conditional estate[s]." A contract for deed, like a mortgage, serves as a financing mechanism. The Court believes that in Minnesota an assignment of a contract for deed interest is an interest in real estate as set forth in the recording statutes. This belief is reinforced by the language contained in Minnesota Statute 507.-235:

> Subdivision 1. Filing required. All contracts for deed executed on or after January 1, 1984, shall be recorded within six months in the office of the county recorder or registrar of titles in the county in which the land is situated.

Although the contract for deed and assignment in this case occurred prior to the effective date of this statute, it seems clear that the legislature intended contracts for deed to be treated like mortgages. The Court finds that the Doanes and PCA properly perfected their lien by filing the assignment with the county recorder.

THEREFORE, IT IS ORDERED and determined that:

1. The debtors may not avoid the lien of the Doanes and PCA of Chippewa Falls;

2. Richard and Barbara Doane, and PCA of Chippewa Falls, have perfected liens on the contract for deed.

3. Defendants' motion for summary judgment is granted.