**In re Martin Frank SHUSTER and Carol Sue Shuster, Debtors.**

**Martin F. SHUSTER and Carol S. Shuster, Husband and Wife, Plaintiffs,**

**v.**

**Richard DOANE and Barbara Doane, Husband and Wife; Production Credit Association of Chippewa Falls, Wisconsin, Defendants and Third-Party Plaintiffs,**

**v.**

**FOREST LAKE STATE BANK; Mary Jo Thomsen and Donald Thomsen, Third-Party Defendants.**

Bankruptcy No. 3–83–1457.
Adv. P. No. 83–0443.

United States District Court,
D. Minnesota,
Third Division.

Jan. 17, 1985.

Phillip L. Kunkel, Hastings, Minn., for Martin Frank Shuster and Carol Sue Shuster.

Brian F. Leonard, St. Paul, Minn., for the trustee in bankruptcy.

Richard G. Nadler, St. Paul, Minn., for Richard Doane, Barbara Doane, and the Production Credit Ass'n of Chippewa Falls, Wis.

David E. Doyscher, Forest Lake, Minn., for Forest Lake State Bank, Mary Jo Thomsen and Donald Thomsen.

## MEMORANDUM AND ORDER

RENNER, District Judge.

### INTRODUCTION

Martin and Carol Shuster ("the debtors") appeal the bankruptcy court's adverse summary judgment ruling. 38 B.R. 619. The appeal was considered without oral argument. For reversal, the debtors argue that the bankruptcy court erred in finding that the appellees had perfected their security interest in an assignment of a vendor's interest in a contract for deed. The Court agrees.

### FACTS

In 1978, the debtors sold real estate located in Washington County, Minnesota to Mary Jo and Donald Thomsen on a contract for deed. The contract for deed was properly filed in the Washington County Recorder's Office.

In 1981, the debtors purchased from appellees Richard and Barbara Doane ("the Doanes") real property located in River Falls, Wisconsin. As partial consideration for the purchase, the debtors issued the Doanes a promissory note for one hundred and two thousand dollars ($102,000) and assigned the contract for deed on the Washington County property. The assignment of contract for deed stated that it was "being given as collateral security" for the promissory note. Appendix to Complaint, Exhibit A. No deed was executed conveying legal title of the Washington County property to the Doanes. The Doanes re-

corded the assignment of the contract for deed in the Washington County Recorder's Office but did not file a financing statement with the County Recorder or Secretary of State.

In 1982, the Doanes assigned the promissory note for $102,000 to the Production Credit Association of Chippewa Falls ("the PCA"). The Doanes also assigned their interest in the contract for deed that secured the note. Both assignments secured a loan of one hundred seventeen thousand six hundred forty-five dollars ($117,645.00) from the PCA to the Doanes. The PCA recorded the assignment of the contract for deed in the Washington County Recorder's Office but did not file a financing statement with the County Recorder or the Secretary of State.

■ In 1983, the Shusters filed a joint, voluntary Chapter Eleven petition in bankruptcy court. Soon thereafter, the Shusters filed this action to avoid the liens of the Doanes and the PCA. Under the Bankruptcy Code, the trustee in bankruptcy acquires the status of a lien creditor. This status gives the trustee priority over creditors (of the debtor) who hold unperfected security interests. 11 U.S.C. § 544. Therefore, if the appellees have not perfected their security interests in the contract for deed, the interests will be defeated by the trustee as lien creditor.

## ISSUE

The Court must determine whether the assignments of the vendor's interest in the contract for deed have priority over the trustee in bankruptcy, when the assignments are recorded under the Minnesota recording statute, Minn.Stat. § 507.235 (1984), but not filed under the Uniform Commercial Code (UCC), Minn.Stat. § 336.-9–101 *et seq.*[1] First, the Court must decide whether the UCC applies to the assignments of the vendor's interest in the contract for deed. If so, the collateral must be

classified to establish its means of perfection.

## ANALYSIS

■ To be subject to the UCC, the assignments of the contract for deed to appellees must have been transactions which were "intended to create ... security interest[s] in personal property." Minn.Stat. § 336.9–102(1)(a) (1984).

In addition, the transactions must not be "creation[s] or transfer[s] of an interest in or lien on real estate." *Id.* § 336.9–104(j). Appellees argue that the assignments of the contract for deed were transfers of an interest in real estate. The relevant UCC provisions are:

§ 336.9–102 POLICY AND SCOPE OF ARTICLE

(1) Except as otherwise provided in section 336.9–104 on excluded transactions, this article applies

(a) to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper or accounts....

....

(3) The application of this article to a security interest in a secured obligation is not affected by the fact that the obligation is itself secured by a transaction or interest to which this article does not apply.

Comment 4. An illustration of subsection (3) is as follows:

The owner of Blackacre borrows $10,-000 from his neighbor, and secures his note by a mortgage on Blackacre. This Article is not applicable to the creation of the real estate mortgage. Nor is it applicable to a sale of the note by the mortgagee, even though the mortgage continues to secure the note. However, when the mortgagee pledges the note to secure his own obligation to X, this Article applies to the security interest thus creat-

---

1. The Court does not address whether the assignments of the vendor's interest in the contract for deed must be recorded under the Min-
nesota real estate recording statute. See Minn. Stat. § 507.235 (1984). The issue here is only whether there must be a filing under the UCC.

ed, which is a security interest in an instrument even though the instrument is secured by a real estate mortgage. This Article leaves to other law the question of the effect on rights under the mortgage of delivery or non-delivery of the mortgage or of recording or non-recording of an assignment of the mortgagee's interest. See Section 9–104(j).
§ 336.9–104 TRANSACTIONS EXCLUDED FROM ARTICLE
This article does not apply

. . . .

(j) . . . to the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder. . . .

Comment 2. The exclusion . . . of leases and other interests in or liens on real estate by paragraph (j) merely reiterates the limitations of coverage already made explicit in Section 9–102(3). See Comment 4 to that section.

Minn.Stat. §§ 336.9–102, –104 (1984); Minn. Stat.Ann §§ 336.9–102 comment 4, 336.9–104 comment 2 (West Supp.1984).

■ To determine whether Article Nine applies to the transactions at issue, the Court must decide whether Minnesota law classifies a vendor's interest in a contract for deed as real or personal property. The Minnesota Supreme Court has addressed this question in the probate context. *Petition of S.R.A.*, 213 Minn. 487, 7 N.W.2d 484 (1942). That court held that a vendor's interest in a contract for deed is personal property belonging to the personal estate. *Id.* at 495, 7 N.W.2d at 488–89. This characterization applies in other contexts as well.[2]

■ For example, a vendor who holds a contract for deed does not qualify as an "owner" of property for partition purposes. *State v. Rochester*, 260 Minn. 151, 109 N.W.2d 44 (1961). "[I]n this state a vendor in a contract for deed occupies a position substantially analogous to that of a mortgagee. He holds the legal title in trust as security for the payment of the purchase

price." *Id.* at 153–54, 109 N.W.2d at 45. Thus the vendor possesses a right to receive payments on the purchase price. The right to receive the payments is a contract right recognized as personal property. *H. & Val J. Rothschild v. Northwestern National Bank*, 309 Minn. 35, 242 N.W.2d 844 (1976).

■ The transactions themselves evidence an intent to create a security interest in personal property. The document appellees received entitled "Assignment of Contract for Deed" stated that it was "being given as collateral security for a promissory note in the amount of $102,000 dated May 1, 1981." Appendix to Complaint, Exhibit A. When the debtors assigned the contract for deed, they did not transfer a quit claim deed giving legal title to the Doanes. Letter from Phillip Kunkel to Judge Connelly (February 3, 1984); *see* Minnesota Title Standard No. 76 ("A quit claim deed is sufficient to convey a vendor's interest in a contract for deed"). Thus, the Doanes received only the right to the payments under the contract for deed, as security for the debtors' promissory note. Clearly the assignment to the Doanes was intended to create a security interest in the payments owed under the contract and not to transfer any interest in real property.

■ Similarly, when the Doanes assigned the contract for deed to the PCA, they did so to secure their promissory note. The Doanes did not give a quit claim deed transferring legal title to the PCA. These transactions were obviously intended only to create a security interest in the personal property right to receipt of payments under the contract for deed; no real property interest was created or transferred within the meaning of section 9–104(j). *See* Minn. Stat. § 336.9–104(j). The Court holds that Article Nine of the UCC applies to the

**2.** The Washington Supreme Court also has relied on probate cases to support a conclusion that a vendor's interest in a contract for deed is

personal property for Article Nine purposes. *In re Freeborn*, 94 Wash.2d 336, 617 P.2d 424 (1980) (en banc).

assignments of the debtors/vendor's interest in the contract for deed.[3]

Under the UCC, security interests achieve perfection according to the type of collateral involved. "Collateral" is defined in section 9–105 as "the property subject to a security interest, and includes accounts and chattel paper which have been sold." *Id.* § 336.9–105(1)(c). Here, the appellees have a security interest in the payments due on the contract for deed.

■ The types of collateral the contract for deed payments may be classified as are accounts, chattel paper, documents, instrument, or general intangibles. The right to the payments cannot qualify as chattel paper or accounts. "Chattel paper" is a writing evidencing a security interest in specific goods. *Id.* § 336.9–105(1)(b). An "account" is in part a right to payment for goods. *Id.* § 336.9–106. "Goods" must be movable at the time the security interest attaches. *Id.* § 336.9–105(1)(h). The contract for deed does not evidence a security interest in anything movable and does not represent a right to payment for anything movable. It cannot be an account or chattel paper. Nor can the collateral be a document of title because a document of title covers goods. *See id.* § 336.1–201(15).

Here, the collateral is either an instrument or general intangibles. An instrument is defined in part as a "writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary endorsement or assignment." *Id.* § 336.9–105(1)(i). General intangibles are a catchall category including "any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments, and money." *Id.* § 336.9–106.

If the contract for deed is not an instrument it will fall within the general intangibles category. The Court concludes that the contract for deed is general intangibles. The collateral is not an instrument because it creates no right to unconditionally demand payment on the contract for deed. If the vendee/purchaser breached the contract, the vendor would simply retain the amount paid and cancel the contract for deed. The Court relies on the analysis in *In re S.O.A.W. Enterprises,* 32 B.R. 279 (Bankr.W.D.Tex.1983), to reach this result. *See also In re Himlie Properties,* 36 B.R. 32 (Bankr.W.D.Wash.1983).

■ A security interest in general intangibles must be perfected by filing a financing statement. Minn.Stat. § 336.9–302 (1984). The appellees failed to file such a statement. Therefore the trustee in bankruptcy has priority over the appellees' interest in the contract for deed.

Based upon the foregoing, IT IS ORDERED that summary judgment be entered in favor of appellants Martin and Carol Shuster.

IT IS FURTHER ORDERED that defendants/appellees' motion for summary judgment is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**3.** For cases supporting this result see, *In re Staff Mortgage and Investment Corp.,* 625 F.2d 281 (9th Cir.1980); *In re Equitable Development Corp.,* 617 F.2d 1152 (5th Cir.1980); *Landmark Land Co., Inc. v. Sprague,* 529 F.Supp. 971 (S.D. N.Y.1981) *rev'd on other grounds,* 701 F.2d 1065 (2d Cir.1983); *In re Southworth,* 22 B.R. 376 (Bankr.D.Kan.1982); *In re S.O.A.W. Enterprises, Inc.,* 32 B.R. 279 (Bankr.W.D.Tex.1983); *In re Freeborn,* 94 Wash.2d 336, 617 P.2d 424 (1980) (en banc). *But see In re Bristol Associates, Inc.,* 15 U.C.C. Rep. 561 (3d Cir.1974; *Rucker v. State Exchange Bank,* 355 So.2d 171 (Fla.App.1978).