[No. 51293–1.   En Banc.   January 30, 1986.]

CERTIFICATION FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN
FRANK CRICHTON, ET AL, *Appellants,* v. HIMLIE
PROPERTIES, ET AL, *Appellees.*

*Davies Pearson, P.C.,* by *Paul B. Snyder* and *Jane M. Faulkner,* for appellants Crichton, et al.

*Peggy Fraychineaud* (of *Sinnitt & Sinnitt, Inc., P.S.*), for appellants Butts.

*Jacobson, Jackson & Snodgrass,* by *Lauren K. Goldenberg* and *Dillon E. Jackson,* for appellees.

UTTER, J.—This matter has been certified to this court from the United States District Court for the Western District of Washington. *See* RCW 2.60.010–.030; RAP 16.16. The parties dispute the proper security classification of assignments of a vendor's interest in real estate contracts. The appellants contend the assignments are "contract rights" and, thus, exempt from the Uniform Commercial Code filing requirement under the recently eliminated

exception, RCW 62A.9–302(1)(e). We disagree and hold for the respondents that the security interest in a real estate contract is a "general intangible" and, therefore, subject to the filing requirement. The effect of our holding is to make the appellant–creditors general unsecured creditors in the ensuing bankruptcy proceeding.

On May 11, 1981, the assignor–respondent, Himlie Properties (Assignor) sought relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*). This led to a stay of all proceedings against Assignor. On June 15, 1983, the assignee–appellants, Helen and Frank Crichton, who held notes from Assignor secured by assignments of real estate contracts, sought relief from the stay by filing an adversary proceeding in the United States Bankruptcy Court for the Western District of Washington. The Official Creditors' Committee intervened and filed a third party complaint and counterclaim against all similarly situated real estate contract assignees. There being no factual dispute, both parties moved for summary judgment.

The bankruptcy judge granted the creditors' committee's summary judgment motion. He held that the assignments were "general intangibles" and had to be filed pursuant to RCW 62A.9–302 to be perfected. Thus, the Crichtons and other third party defendants (together, "Assignees") were not secured creditors. *In re Himlie Properties, Inc.,* 36 Bankr. 32 (Bankr. W.D. Wash. 1983). Assignees appealed to the Federal District Court and subsequently moved to certify to this court the issue of the U.C.C. article 9 classification of the assignments. Pursuant to RCW 2.60.020, the Federal District Court certified the following question to this court:

> In *Freeborn v. Seattle Trust & Savings Bank,* 94 Wn.2d 336 (1980), the Washington State Supreme Court held that a vendor's interest in a real estate contract given as collateral was subject to the provisions of Article 9 of the Uniform Commercial Code. Article 9 provides different rules and procedures for different classifications of collateral. In this case the issue is whether a real estate contract given as collateral is a "general intangible" or a

"contract right" under the provisions of Article 9.

The stipulated facts are these: Assignor engaged in the business of selling and financing real estate. Assignees are not in the business of assigning real estate contracts. Assignees loaned money to Assignor. ". . . [a]s part of each transaction, [Assignor] executed a Seller's Assignment of Real Estate Contract and Deed as security for the loan. These documents were prepared by [Assignor] and recorded pursuant to RCW 65.08.070 with the appropriate county auditor." Record on Appeal, Stipulation 3. None of Assignees filed a financing statement relating to the original vendor's interest in the subject real estate contract. That interest is subject to article 9 of the U.C.C., RCW 62A.9–101 *et seq.*

■ With one possible exception,[1] not significant here, we find Judge Treadwell's analysis to be correct and agree with the authorities cited. *See In re Himlie Properties, Inc., supra* (text of opinion follows as appendix). The review committee for article 9, in broadening the section 9–106 term "accounts" to include "contract rights," understood that contract rights differed from "accounts" only in that the former had not been earned by performance. See discussion of 1972 amendments, U.C.C. app. 2, topic E–8, at 886 (Official Text, 1978). Further, we note that the committee declined, at the same time, "to broaden the definition of accounts to include all rights for the payment of money," preferring the more limited definition which included "only traditional accounts arising from the sale of goods or services, and not miscellaneous rights for the payment of money." U.C.C. app. 2, topic E–15, at 888. This implies that "contract rights" were also viewed as arising from the sale of goods and services.

Concededly, the category "general intangibles" was origi-

---

[1]We do not necessarily accept the analysis of a vendor's or his assignee's duty once a vendee has performed. The bankruptcy court cited no authority for its determination that the duty was purely executory. We wait for an opportunity to more directly address that issue.

nally intended "*primarily* to cover rights in intangibles . . . which are neither rights to payment nor rights arising under contracts . . ." (Italics ours.) U.C.C. Serv.—Secured Transactions (MB) § 15.05, at 15–19 n.1 (1983). Nevertheless, contrary to creditors' contention, "general intangibles" included "miscellaneous rights for the payment of money." U.C.C. app. 2, topic E–15, at 888. Given the narrow scope of "contract rights" implicit in the committee's treatment of the term in 1972 and the much broader scope of "general intangibles," we agree with Judge Treadwell's analysis of the disputed classifications.

Because we hold for the Assignor, that the assignment of rights under a real estate contract is a "general intangible," it is unnecessary to reach the issue of whether the Assignee's duty to deliver title to the vendee upon the latter's final payment constituted a "future performance," *see* 6A U.C.C. Rep. Digest (MB) § 9–106, Official Comment (1962), at 1–745 (1980), by which the Assignees "earned" their payments.

We hold that a security interest in a real estate contract is a "general intangible" and subject to the filing requirement.

### APPENDIX

#### BACKGROUND

This action was commenced on June 10, 1983 by plaintiffs Frank and Helen Crichton's (hereinafter plaintiffs) filing a complaint against defendant Himlie Properties, Inc., the debtor–in–possession (hereinafter Himlie) for relief from the automatic stay of Bankruptcy Code § 362, adequate protection and to determine the nature, extent and validity of liens. A stipulation and order allowing intervention by the Official Creditors' Committee (Creditors' Committee) was entered on July 7, 1983. On October 21, 1983, the Creditors' Committee filed a motion for summary judgment, which motion has been resisted by plaintiffs.[1] Based upon the pleadings, memoranda and arguments of counsel, the Court finds that there exists no genuine issue of material fact and concludes that the

---

[1] The defendant Himlie has taken no position with respect to the Creditors' Committee's motion.

Creditors' Committee is entitled to summary judgment as regards plaintiffs' complaint for relief from stay, for the following reasons:

DISCUSSION

Facts

The pertinent facts are not in dispute. Himlie filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 11, 1981. During the years in issue, Himlie engaged in the business of selling and financing real estate. From April 1980 through March 1981 plaintiffs loaned approximately $32,000 to Himlie in three separate transactions. In each transaction, Himlie executed a "Seller's Assignment of Contract and Deed" in favor of plaintiffs to secure their loans. Such assignments were recorded with the Mason County Auditor, but were not filed under the Uniform Commercial Code (U.C.C.), RCW 62A.9–101 *et seq.*[2]

Law

In *Cascade Sec. Bank v. Butler*, 88 Wn.2d 777, 567 P.2d 631 (1977), the Washington Supreme Court held that the right to receive payments under a contract for the sale of real property is personal property. Later, in *In re Freeborn (Freeborn v. Seattle Trust & Sav. Bank)*, 94 Wn.2d 336, 617 P.2d 424 (1980), the Washington Supreme Court went further and held that an assignment of a vendor's right to receive payments under a real estate contract (entitled "Deed and Seller's Assignment of Real Estate Contract"), for purposes of securing a loan obligation, constitutes a security interest in personal property and is subject to the filing requirements of article 9 of the U.C.C. The Court did not reach the question of the classification of the collateral represented by such an assignment.

This Court is now confronted with that question. The Creditors' Committee argues that the "Seller's Assignment of Contract and Deed" at issue here constitute "general intangibles" which can be perfected only by filing a financing statement; plaintiffs argue that the subject assignments constitute "contract rights" as defined in the former RCW 62A.9–106, applicable here.[3] The Court's determination of the proper classification is important, because classification of the assignments as general intangibles precludes application of the former RCW 62A.9–302(1)(e), the "casual and isolated" exception to the U.C.C. filing requirement.[4]

---

[2]Unless otherwise indicated, all references herein are to the 1962 version of U.C.C. article 9, *effective in Washington as of July 1, 1967.*

[3]RCW 62A.9 (article 9) was amended effective June 30, 1982 (midnight) by Washington Laws of 1981, ch. 41.

[4]It is interesting to note that the "casual and isolated" exception has been eliminated by virtue of the recent adoption in Washington of the 1972 amendments to section 9–302.

Such exception would be applicable here if the assignments were determined to be "contract rights" or "accounts."[5]

The former RCW 62A.9–106 distinguished "account," "contract right" and "general intangibles" as follows:

"Account" means any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper. "Contract right" means any right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper. "General intangibles" means any personal property (including things in action) other than goods, accounts, contract rights, chattel paper, documents and instruments.

Plaintiffs rely principally on *Dynair Elecs., Inc. v. Video Cable, Inc.*, 55 Cal. App. 3d 11, 127 Cal. Rptr. 268 (1976) for authority that the subject assignments should be classified as contract rights. *Dynair* held that a security interest in eight television antenna installation agreements which had not yet been performed and for which there was no right to payment of money were general intangibles. The court in *Dynair* concluded that the timing of performance was not helpful to classification and that "right to payment" was determinative of the proper classification. Because the right to receive money was transferred by the assignments at bar, plaintiffs argue that that fact makes such assignments contract rights. This Court does not agree.

First, the right to payment of money cannot automatically eliminate types of collateral from the definition of general intangibles, as argued by plaintiffs and reasoned in *Dynair*. Were this true, a wide range of rights to receive payment under copyrights, patents, royalty agreements, and the like could not be deemed general intangibles, as they are.[6] *See* Official Comments to 1972 amendments, § 9–106 (general intangibles include the right to receive payment of a loan not evidenced by an instrument or chattel paper). *See also Wambach v. Randall*, 484 F.2d 572 (7th Cir. 1973) (assignment of interest of beneficiaries of an Illinois land trust is classifiable under U.C.C. as general intangible). Although the term "general intangibles" is now expressly defined as meaning "other than . . . money," this means that money itself cannot be a general intangible and that a security interest in money cannot be perfected by filing; it does not mean that the right to receive payment in money automatically

---

[5]The Creditors' Committee does not dispute the plaintiffs' argument that the assignments at issue are "casual and isolated" transactions. (*Cf. Architectural Woods v. State*, 88 Wn.2d 406, 562 P.2d 248 (1977)).

[6]The definition of "general intangibles" in section 9–106 is intended to bring under article 9 miscellaneous types of contractual rights and other personal property interests which are used or may become customarily used as commercial security, but which do not fall within the definitions of "documents," "instruments," "goods," "chattel paper," "accounts," or "contract rights" set forth in U.C.C. §§ 9–105, 9–106. *See* U.C.C. § 9–106, 1972 Official Comments.

excludes a type of security from being a general intangible.

Second, under the 1972 amendments to U.C.C. article 9 the term "contract right" was eliminated as unnecessary and indistinguishable from the term "account." *See* U.C.C. § 9–106, Official Reasons for 1972 Change, 3 U.L.A. 180 (1981). The assignments at bar could not be deemed security interests in "accounts" because "account" is defined to mean "any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper, whether or not it has been earned by performance." Since the right to receive money herein is neither for "goods"[7] nor "services" the collateral at issue cannot be classified as "accounts." This having been established, it is significant that the 1972 amendments to section 9–106 have been deemed "functional, definitional, but not substantive" and merely "declarative of the meaning of the code as it existed before. . . ." *Dynair Elecs., Inc. v. Video Cable, Inc.*, 127 Cal. Rptr. at 273. *See generally* U.C.C. § 9–106, Official Reasons for 1972 Change, 3 U.L.A. 180. Therefore, if the assignments at bar cannot fall within the definition of "account" under the 1972 amendments to U.C.C. § 9–106, it is reasonable to conclude that such assignments were not intended to fall within the definition of "contract right" under the 1962 version of 9–106.

Third, the collateral at bar does not fall within the meaning of "contract right" as explained by the Official Comments to U.C.C. § 9–106 (1962 version):

"Contract right" is a right to be earned by *future performance* under an existing contract: for example, rights to arise when deliveries are made under an installment contract or as work is completed under a building contract. Contract rights may be regarded as *potential accounts:* they become accounts as performance is made under the contract. (Emphasis added).

In the transaction at bar, the vendor's (assignor's) right to payment did not depend upon any future performance. The only duty assumed by the assignee was to deliver title to the vendee at the time of final payment. Clearly, this formality is not the type of future performance contemplated by the U.C.C.

For all of the foregoing reasons, the Court concludes that the "Seller's Assignment of Contract and Deed" held by plaintiffs are general intangibles[8] under RCW 62A.9–106 as applicable herein, and that plain-

---

[7]*See* RCW 62A.2–105(1); RCW 62A.9–105(1)(f).

[8]*See* Bowmar, *Real Estate Interests as Security Under the UCC: The Scope of Article Nine,* 12 U.C.C. L.J. 99, 143 (1979). The Court notes, however, that the proper classification of the assignments at bar presents a novel question of state law and that in the event of appeal to the district court the matter may be certified to the Washington Supreme Court in accordance with RCW 2.60.010–.030 and Washington Rule of Appellate Procedure 16.16.

tiffs, not having perfected their interests in such assignments under the U.C.C., are unsecured creditors and not entitled to relief from the automatic stay of Bankruptcy Code § 362.

ORDER

It is therefore

ORDERED, that the motion of the Creditors' Committee for summary judgment is allowed as to plaintiffs; and it is further

ORDERED, that plaintiffs' complaint is dismissed.

DOLLIVER, C.J., BRACHTENBACH, DORE, ANDERSEN, GOODLOE, and DURHAM, JJ., and CUNNINGHAM and THOMPSON, JJ. Pro Tem., concur.