784 F.2d 883
 42 UCC Rep.Serv. 1433
 In re Martin Frank SHUSTER and Carol Sue Shuster, Debtors.
Martin Frank SHUSTER and Carol Sue Shuster, Appellees,
v.
Richard DOANE and Barbara Doane and Production Credit
Association of Chippewa Falls, Wisconsin, Appellants,
v.
FOREST LAKE STATE BANK and Mary Jo Thomsen and Donald
Thomsen, Appellees.
 No. 85-5122.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 10, 1985.
Decided March 3, 1986.
 
 Richard G. Nadler, St. Paul, Minn., for appellants.
 Brian F. Leonard, St. Paul, Minn., for appellees.
 Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 ROSS, Circuit Judge.
 
 
 1
 In 1978, Martin and Carol Shuster sold real estate located in Washington County, Minnesota, to Donald and Mary Jo Thomsen by contract for deed. The contract for deed was recorded in the office of the Washington County, Minnesota recorder in accordance with the Minnesota real estate recording statutes, MINN.STAT.ANN. Secs. 507.01-507.42 (West 1947 and Supp.1985).
 
 
 2
 The vendors' interest in the contract for deed was subsequently assigned twice. In 1981, the Shusters purchased some Wisconsin real estate from Richard and Barbara Doane. As collateral for a $102,000 promissory note executed in connection with this purchase, the Shusters assigned their vendors' interest in the Shuster/Thomsen contract for deed to the Doanes. In 1982, the Doanes borrowed $117,645 from the Production Credit Association of Chippewa Falls, Wisconsin (the PCA). The Doanes assigned to the PCA their interest in the Shusters' $102,000 note and their assignees' interest in the contract for deed.
 
 
 3
 Both the Doanes and the PCA recorded the assignments of the contract for deed in the office of the Washington County recorder in accordance with the real estate recording laws. Neither assignee filed a financing statement under the provisions of Article 9 of the Uniform Commercial Code as adopted in Minnesota.
 
 
 4
 In 1983, the Shusters filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Minnesota and moved to avoid the interests of the Doanes and the PCA in the assigned contract for deed. When the debtors' Chapter 11 petition was converted to a Chapter 7 proceeding, the trustee for their bankruptcy estate succeeded to the Shusters' interest in this matter. As a hypothetical judicial lien creditor under 11 U.S.C. Sec. 544, the trustee's rights are superior to those of creditors holding unperfected liens on the debtors' property.
 
 
 5
 The trustee asserts that the assignment of a vendor's interest in a contract for deed creates a security interest in personal property which may be perfected only by the filing of a Uniform Commercial Code financing statement in the office of the Minnesota Secretary of State. See MINN.STAT.ANN. Sec. 336.9-401(1)(d) (West Supp.1985). The trustee contends that such assignments do not create or transfer any interest in real property subject to the real estate recording laws.
 
 
 6
 The bankruptcy judge[1] ruled in favor of the Doanes and the PCA on the ground that the Minnesota legislature intended assignments of land contracts to be recorded with the real estate records. The district court[2] reversed, finding that the assignments created security interests in general intangibles governed by and perfected under Article 9 of the Uniform Commercial Code. We conclude that the Doanes and the PCA perfected their interests in the assigned contract for deed in the manner intended by the Minnesota legislature, and we therefore reverse the judgment of the district court.
 
 
 7
 MINN.STAT.ANN. Sec. 336.9-104(j) (West Supp.1985) of the Uniform Commercial Code states that the chapter on secured transactions does not apply to "the creation or transfer of an interest in or lien on real estate * * *." In Minnesota, the vendor of land sold by contract for deed retains legal title to the realty until full payment of the purchase price. The vendee's equitable interest is subject to divestment by his failure to perform his contract obligations. Nichols v. L & O, Inc., 293 Minn. 17, 196 N.W.2d 465, 468 n. 7 (Minn.1972); Petition of S.R.A., Inc., 219 Minn. 442, 18 N.W.2d 442, 449-50 (Minn.1945), aff'd, 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851 (1946). The Shusters therefore held legal title when they assigned their vendors' interest in the contract for deed to the Doanes. The Doanes then transferred the same rights to the PCA. We hold that these transactions involved the "transfer of an interest in * * * real estate" within the meaning of section 336.9-104(j). Accord Swanson v. Union State Bank (In re Hoeppner), 49 B.R. 124, 127-29 (Bankr.E.D.Wis.1985). See also Peoples Bank v. McDonald (In re Maryville Savings & Loan Corp.), 743 F.2d 413, 416-17 (6th Cir.1984), supplemented, 760 F.2d 119, 121 (6th Cir.1985) (under Tennessee law, the assignment of a promissory note is a secured transaction governed by Article 9, but an assignment of a vendor's interest in a deed of trust is not within Article 9 and is perfected by filing with the Register of Deeds).[3]
 
 
 8
 As a practical matter, persons tracing the history of title to land would not expect to examine records in the office of the Secretary of State. The traditional and appropriate location for such a search is the office of the county recorder in the county where the land is located. MINN.STAT.ANN. Secs. 507.24, 507.34 (West Supp.1985). Accord Adashek v. Szatkowski (In re Szatkowski), 51 B.R. 104, 107 (Bankr.E.D.Wis.1985); Swanson v. Union State Bank (In re Hoeppner), 49 B.R. at 127.
 
 
 9
 Furthermore, as the bankruptcy judge correctly noted, the Minnesota courts consider the relationship between vendor and vendee in a sale of land by contract for deed analogous to that of mortgagor and mortgagee. Shuster v. Doane (In re Shuster), 38 B.R. 619, 620 (Bankr.D.Minn.1984), citing Nichols v. L & O, Inc., 196 N.W.2d at 468 n. 7. It is undisputed that a mortgage is an interest in realty within the Minnesota recording act. See MINN.STAT.ANN. Secs. 507.15, 507.40 (West 1947 & Supp.1985). Moreover, an assignment of a mortgage is a conveyance which has long been governed by the Minnesota real estate recording laws. Id. Secs. 507.01, 507.32 (West 1947); Watson v. Goldstein, 176 Minn. 18, 222 N.W. 509, 511 (Minn.1928). See also Rucker v. State Exchange Bank, 355 So.2d 171 (Fla.Dist.Ct.App.1978) (in Florida, the collateral assignment of a real estate mortgage securing a promissory note is not a secured transaction within Article 9 and is properly recorded in the real estate records).
 
 
 10
 MINN.STAT.ANN. Sec. 507.01 (West 1947) of the real estate conveyancing and recording statutes defines "purchaser" to include "every person to whom any estate or interest in real estate is conveyed for a valuable consideration and every assignee of a mortgage * * * or other conditional estate." "Conveyance" encompasses "every instrument in writing whereby any interest in real estate is created, aliened, mortgaged, or assigned or by which the title thereto may be affected in law or in equity * * * " with exceptions not relevant to this case. A "conveyance" which is not recorded in the county recorder's office of the county where the real estate is located is void as to a subsequent bona fide purchaser for value. Id. Sec. 507.34.
 
 
 11
 Chapter 507 includes approved standard forms for conveyancing which embody various provisions necessary to entitle the documents to be received for recordation. Among these standard forms is number 58-M, Assignment of Contract for Deed--By Individual Seller, Purchaser or Assignee, which is the form used by the Shusters to convey their interest in the contract for deed to the Doanes. Chapter 507 read as a whole reveals a legislative intent to centralize the recording of all interests in real estate in the county recorder's office of the county where the land is located. In particular, we consider the broad language of section 507.01 and the inclusion of form 58-M in the chapter on conveyancing and recording of interests in real estate indications of legislative intent to include assignments of a vendor's interest in a contract for deed in the real estate recording system. The interests of the Doanes and the PCA were therefore perfected. Accordingly, the judgment of the district court is reversed.
 
 
 
 [1]
 Shuster v. Doan (In re Shuster), 38 B.R. 619 (Bankr.D.Minn.1984)
 
 
 [2]
 Shuster v. Doane (In re Shuster), 47 B.R. 920 (D.Minn.1985)
 
 
 [3]
 But see Greiner v. Wilke (In re Staff Mortgage & Inv. Corp.), 625 F.2d 281 (9th Cir.1980); Frearson v. Wingold (In re Equitable Dev. Corp.), 617 F.2d 1152 (5th Cir.1980); Erickson v. Seattle Trust & Sav. Bank (In re Freeborn), 94 Wash.2d 336, 617 P.2d 424 (1980); Southwest Nat'l Bank v. Southworth (In re Southworth), 22 B.R. 376 (Bankr.D.Kan.1982)